**Richard YETTER et al., Appellants,**

v.

**Truus BAKER, Guardian, Appellee.**

**No. 6561.**

Court of Civil Appeals of Texas, El Paso.

Dec. 1, 1976.

Rehearing Denied Dec. 29, 1976.

Richard Yetter & Associates, P.C., Richard Yetter, El Paso, for appellants.

Roddy L. Harrison, Pecos, for appellee.

OPINION

OSBORN, Justice.

This is a venue case. The trial Court denied the pleas of privilege filed by the makers of a promissory note to be sued in the county of their residence. We affirm.

The Appellee filed a controverting plea asserting venue in Reeves County under Subdivision 5 of Article 1995, Tex.Rev.Civ. Stat.Ann., based upon the following provision in the note:

"For value received, I, We, or either of us, as principals, promise to pay to the order of ARTIE BAKER GUARDIANSHIP in the City of Pecos, Reeves County, Texas, the sum of Sixty Five Thousand And No/100_____Dollars ($65,000.00), * * *."

The Appellants contend the trial Court has fixed venue by implication, which is prohibited by the holding in *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610 (1948), because the reference in the note to a city and county is only for the purpose of showing the address of the payee of the note. We cannot agree. In *Saigh v. Monteith*, supra, the contract provided that all payments " * * * shall be made to said Second National Bank of Houston * *." The Court held that this language only required payment to the named bank and concluded that where the payments were to be made was not covered by the payment provision.

In *Thompson v. Republic Acceptance Corporation*, 388 S.W.2d 404 (Tex.1965), the Court concluded that a note payable "in Austin" was a contract in writing that is performable in Travis County, Texas. The same conclusion has been reached in other cases where the contract provided for payment "in" a named town or county. *Heid Bros., Inc. v. Smiley*, 144 S.W.2d 952 (Tex. Civ.App.—Texarkana 1940, no writ); *Pitt Grill, Inc. v. Albert*, 432 S.W.2d 160 (Tex. Civ.App.—Dallas 1968, no writ); and *Cranbrook Corporation v. Wright*, 469 S.W.2d 324 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

In this case, the note provides for payment in a particular county and a city in the county which is the county seat. Either designation would have been adequate. Both are doubly so. Appellants' point of error is overruled.

The order of the trial Court is affirmed.