**FIRST NATIONAL BANK OF MERCEDES, Texas, Appellant,**

v.

**LA SARA GRAIN COMPANY, et al., Appellee.**

No. 13–81–2209–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Ralph L. Alexander, Kelley, Looney, Alexander & Sawyer, Edinburg, for appellant.

Ferriel C. Hamby, Harlingen, Vance Jones, Brownsville, for appellee.

Before GONZALEZ, UTTER and KENNEDY, JJ.

### OPINION

GONZALEZ, Justice.

This cause was remanded to this Court by the Texas Supreme Court for us to consider the factual sufficiency of appellees' evidence on attorney's fees. *La Sara Grain Co. v. First National Bank of Mercedes, Texas,* 673 S.W.2d 558 affirming in part and reversing in part, 646 S.W.2d 246 (Tex.1984).

In its twelfth point of error, appellant complains that the trial court erred in awarding appellees' attorney's fees for the reason that there was no evidence or insufficient evidence to support such damages. We initially note that the Supreme Court held that the testimony of appellee's expert witness on attorney's fees constituted some evidence supporting the trial court's award of attorney's fees. *La Sara Grain Co. v. First National Bank of Mercedes, Texas,* 673 S.W.2d 558 (Tex.1984).

In deciding the reasonable value of attorney's fees, the fact-finder may consider such things as the time and labor involved; the nature and complexities of the case; the amount of money or value of property or interest involved; the extent of responsibilities assumed by the attorney; whether other employment is lost because of the undertaking; the benefits resulting to the client from the services; contingency or certainty of compensation; and whether the employment is casual or for an established or constant client. *Braswell v.*

*Braswell,* 476 S.W.2d 444 (Tex.Civ.App.— Waco 1972, writ dism'd). An award of attorney's fees should ordinarily bear some reasonable proportion to the amount of money involved in the litigation. *Magids v. Dorman,* 430 S.W.2d 910 (Tex.Civ.App.— Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ The only testimony concerning attorney's fees was solicited from appellees' witness, Hollis Rankin, Jr. Counsel for appellant stipulated as to Mr. Rankin's qualifications. Mr. Rankin testified that, in his opinion, a reasonable attorney's fee in Hidalgo County for this type of litigation was 25% of the amount pled for by the plaintiff. He estimated that amount to be roughly a quarter of a million dollars in this case. On cross-examination, Rankin testified that he was a defendant's lawyer and that he had not tried a plaintiff's lawsuit in some 25 years. However, in light of appellant's stipulation, we hold that Mr. Rankin was qualified to give his opinion of what constitutes reasonable attorney's fees in this case.

It is apparent from the record that the trial court used Mr. Rankin's testimony concerning 25% of the damages as a reasonable attorney's fee in calculating the amount of the attorney's fees. The trial court awarded appellees $105,261.69, which was 25% of the amount of damages and interest excluding DTPA additional damages.

■ We are now faced with the problem of how to deal with this case in the context in which it was returned to us by the Supreme Court. The amount of the judgment was significantly reduced by the Supreme Court and the Supreme Court held that the trial court erred in calculating interest from the date the checks were cashed or loans made rather than thirty days thereafter. Therefore, we cannot say that the amount of attorney's fees awarded by the trial court is correct or that the evidence is sufficient to sustain this award. Therefore, appellant's twelfth point of error is sustained, and the judgment of the trial court awarding appellees $105,261.69 in attorney's fees is reversed. This cause

is remanded for recalculation of prejudgment interest in accordance with Tex.Rev. Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp. 1984), and for recalculation of attorney's fees based on 25% of the amount of damages left remaining in the case, plus the recalculated prejudgment interest.