Hector GONZALEZ, Appellant,

v.

James J. NIELSON, Appellee.

No. 13–88–282–CV.

Court of Appeals of Texas, Corpus Christi.

May 4, 1989.

Rehearing Denied June 1, 1989.

Thomas M. Schumacher, Sherry Park Office Center, Corpus Christi, for appellant.

Donald Kubicek, Nicolas & Kubicek, Sinton, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Hector Gonzalez appeals from a judgment rendered against him and in favor of James Nielson for $15,000.00 due under a promissory note, plus interest and $2,000.00 in attorney's fees. Gonzalez brings seven points of error complaining that the trial court erred in hearing his motion to transfer without the required notice and immediately prior to trial on the merits, that the trial court erred in overruling his motion to transfer venue, and that the evidence was legally and factually insufficient to support the judgment. We affirm.

By his first point appellant complains that the trial court erred in holding a hearing on his motion to transfer venue without giving 45 days notice to all parties. By his fourth point appellant also complains that the trial court erred in proceeding to trial immediately after the hearing on Gonzalez' motion to transfer.

Both points are based on the trial court's failure to comply with the time provisions of Tex.R.Civ.P. 87(1), which states that:

The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits. The movant has the duty to request a setting on the motion to transfer. Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer.

Nielson filed suit against Gonzalez on October 8, 1987. On November 16, 1987, Gonzalez filed a motion to transfer venue and a general denial. However, Gonzalez never requested a setting on his motion to transfer. Notice was given on February 17, 1988 that trial was set for March 11, 1988, at which time the trial court heard Gonzalez' motion to transfer venue, overruled it, and immediately proceeded to conduct a bench trial on the merits.

When the trial court announced that it would hear Gonzalez' motion to transfer, he announced that he was not ready and objected that the motion to transfer could not be heard without giving 45 days notice to the parties under Rule 87. The trial court overruled the objections and proceeded to hear and overrule the motion to transfer. The trial court then stated that it would proceed to trial on the merits. Gonzalez again announced that he was not ready and objected that Rule 87 requires that the hearing on a motion to transfer be held a reasonable time before trial. The trial court overruled Gonzalez' objection and proceeded to trial.

In 1983, Texas Rules of Civil Procedure 86 through 89 were amended to replace the old Plea of Privilege with the present procedure for challenging venue by a Motion to Transfer. At present, we have very little guidance for our interpretation of the amended Rule 87 procedure for the determination of such a motion. However, in reviewing the rules pertaining to other pretrial matters, we note that the courts reviewing Rule 166a, which provides for service of a summary judgment motion on the opposing party at least 21 days before a hearing may be held, have held that a party may waive this 21-day notice period by failing to move for a continuance at the time the hearing is actually held. *Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.*, 670 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Rylee v. McMorrough*, 616 S.W.2d 649, 653 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd); *see also Hudenburg v. Neff*, 643 S.W.2d 517, 518 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ In the present case, appellant had twenty-three days' notice of the trial setting in which to object or move for a continuance. Instead, appellant waited until the day of trial to announce that he was not ready because he was being deprived of adequate notice of the hearing or time between the hearing and the trial on the merits. We hold that appellant was required to move for a continuance to preserve error on his Rule 87 grounds that he was not given either sufficient notice of the hearing or reasonable time to prepare for trial after the hearing. Appellant's first and fourth points of error are overruled.

By his second and third points of error appellant complains that the trial court erred in overruling his motion to transfer venue on the grounds that appellee failed to show by legally and factually sufficient evidence that venue was proper in the county of suit and that appellant did establish that venue was proper in the county to which he sought transfer.

■ Rule 87(2)(a) provides that a party who seeks to maintain venue in a particular county in reliance on permissive venue has the burden to make proof that venue is maintainable in the county of suit. Rule 87(3)(a) provides that properly pleaded venue facts are taken as true unless specifically denied by the adverse party. *Moriarty v. Williams*, 752 S.W.2d 610, 612 (Tex.App.—El Paso 1988, writ denied); *Cox Engineering, Inc. v. Funston Machine and Supply Co.*, 749 S.W.2d 508, 511 (Tex.App.—Fort Worth 1988, no writ).

In his response to appellant's motion to transfer, appellee relied upon Tex. Civ.Prac. & Rem.Code Ann. § 15.035(a) (Vernon 1986), which provides for permissive venue for a suit on a contract in the county in which a person has contracted in writing to perform an obligation thereunder, where the contract expressly names the county or a definite place in that county. Appellee attached copies of the note to both his Original Petition and the response. In the heading at the top of the note, between the amount and the date, was typed, "Taft, San Patricio County, Texas," and the note recited further down that it was "[p]ayable at the office of 120 Green Ave., Taft, Texas 78390." If accepted as true, the response and note were sufficient to show that appellant promised to pay the note in Taft, San Patricio County, Texas, and that venue was proper there under Section 15.035. Thompson v. Republic Acceptance Corp., 388 S.W.2d 404 (Tex.1965); Yetter v. Baker, 544 S.W.2d 511 (Tex.Civ. App.—El Paso 1976, writ dism'd).

Appellant's motion to transfer venue specifically denies that the cause of action arose in the county of suit and generally denies that any permissive exception to the general venue statute applies. However, it does not specifically deny that appellant contracted to pay the note in San Patricio County. Therefore, since appellant's obligation to perform a part of the contract in San Patricio County must be taken as true, appellee established proper permissive venue in that county under Section 15.035. See Moriarty, 752 S.W.2d at 612. Appellant's second and third points of error are overruled.

By his fifth and sixth points of error appellant challenges the legal and factual sufficiency of the evidence to show that he executed the note or that appellee was entitled to judgment. Appellant specifically argues that there is no evidence to show that he is the same "Hector Gonzalez" whose signature appears on the note.

Tex.R.Civ.P. 93(7) requires that a party who denies the execution of any instrument in writing upon which a pleading is founded, must do so by a sworn denial.

In the absence of such a verified plea, the instrument shall be received into evidence as fully proved. John Chezik Buick Co. v. Friendly Chevrolet Co., 749 S.W.2d 591, 593 (Tex.App.—Dallas 1988, writ denied); Bangor Punta Acceptance Corp. v. Palm Center R.V. Sales, Inc., 661 S.W.2d 237, 239 (Tex.App.—Houston [1st Dist.] 1983, no writ). In the present case, appellant answered by a general denial alone appellee's allegations that he was the maker of the note. At trial, Nielson testified that he prepared and was the owner of the note which Gonzalez had signed and on which he brought the present suit, that no payments had been made on the note, that the note was just and true, and that $15,000.00 plus interest was then due and payable on the note. The trial court properly received the note into evidence as fully proved.

In addition, even if appellant had properly put his execution of the note in issue, Nielson testified that he recognized "Mr. Gonzalez' signature" on the note. Nielson later answered affirmatively counsel's question whether "the terms of the note states (sic) that the Defendant, Mr. Gonzalez, has agreed to pay reasonable attorney fees and court costs in this matter." (emphasis added) Appellant positively identified the "Mr. Gonzalez" he was earlier referring to as the defendant in the present case. This was sufficient evidence to identify appellant, defendant below, as the person who executed the note. Appellant's fifth and sixth points of error are overruled.

By his seventh point of error appellant challenges the legal and factual sufficiency of the evidence to show that the trial court's award of $2,000.00 in attorney's fees was reasonable. The amount and reasonableness of attorney's fees is a question of fact involving various intangible factors. The trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. First Federal Savings & Loan Association v. Ritenour, 704 S.W.2d 895, 902 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); see also First National Bank v. La Sara Grain Co., 676 S.W.2d 183 (Tex.App.—Corpus Christi

1984, no writ). Testimony of a local attorney as to what would be a reasonable fee for handling the case is some evidence to support an award of attorney's fees. *La Sara Grain Co. v. First National Bank,* 673 S.W.2d 558, 567 (Tex.1984).

■ Donald Kubicek, appellee's attorney, testified that he is a licensed attorney in the State of Texas, that he was retained by Mr. Nielson in this matter to assist in the collection of a promissory note, that he is familiar with this type of matter, and that a reasonable fee would be $2,000.00, considering the preparation of pleadings, hearings and other work to be performed in collection. He stated that this $2,000.00 figure is based on 20 hours of work at a rate of $100.00 per hour. He was not sure how long he had spent on the present case at the time of trial, nor could he say how much time this particular matter would take after the day of hearing. However, Kubicek testified that this type of case takes 20 hours.

In view of the amount in dispute of $15,-000.00, and the general nature of the case and services required as testified to by Kubicek, we hold that the evidence is legally and factually sufficient to support the award of $2,000.00 in attorney's fees. Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.