Melba FLORES, Appellant,

v.

Gustavo ARRIETA, M.D., Appellee.

No. 04–89–00544–CV.

Court of Appeals of Texas,
San Antonio.

May 9, 1990.

Rehearing Denied June 18, 1990.

Thomas M. Schumacher, Law Offices of Thomas Schumacher, Corpus Christi, for appellant.

Tom C. Hermansen, Ray Alexander, Hunt, Hermansen, McKibben & Barcer, Corpus Christi, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

OPINION

CHAPA, Justice.

Appellant Melba Flores appeals from a take nothing entered by the trial court below. More specifically, she complains of the initial order of the trial court granting a motion to transfer venue to the appellee, Dr. Gustavo Arrieta, thus transferring this medical malpractice suit from Nueces County to Jim Wells County. No statement of facts has been filed by the appellant.

The only issue before this court is whether appellant has complied with her burden of showing that the trial court erred in

granting the motion to transfer venue. We hold that she has not and affirm.

Rule 87 of the Texas Rules of Civil Procedure is the applicable rule in motions to transfer venue, and reads in pertinent part:

**2. Burden of Establishing Venue**

(b) *Cause of Action.* It shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleading; *but when the claimant's venue allegations are specifically denied, the pleader is required to support his pleading that the cause of action, or a part thereof, accrued in the county of suit by prima facie proof as provided in paragraph 3 of this rule.*

**3. Proof**

(a) *Affidavits and Attachments.* All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. When a venue fact is specifically denied, *the party pleading the venue fact must make prima facie proof of the venue fact. Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading. Affidavits shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.*

TEX.R.CIV.P. 87 (emphasis added).

The Texas Supreme Court has clearly placed the burden on the appellant of presenting a record to show the error complained of:

The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

*Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968).

 Appellant contends that the trial court erred in granting appellee's motion to transfer venue, but appellant has failed to provide this court with a statement of facts. Appellant asserts before this court that no statement of facts is required because the appellee failed to specifically deny the venue facts alleged by the appellant. We disagree.

The transcript reveals appellant's Original Petition clearly alleges a cause of action against the appellee based exclusively on negligent and erroneous advice. The transcript also contains the appellee's motion to transfer, wherein it is alleged that the "county [Nueces] where this action is pending is not a proper county" and sets out the reasons why Jim Wells county is the proper county for venue purposes. Appellee also filed a proper affidavit specifically stating that "[a]ny advice, care, or treatment rendered by [appellee to the appellant] was done in [appellee's] office in Alice, Jim Wells County, Texas." Further, appellant apparently recognized the validity of appellee's motion to transfer venue, because the transcript reveals appellant's response to the motion to transfer fails to object to the motion to transfer on the same grounds now raised on appeal and fails to include any affidavit in contradiction.

 Appellant has the burden of bringing forth a record that demonstrates the error complained of. *Uvalde Const. Co. v. Joiner,* 132 Tex. 593, 126 S.W.2d 22, 24 (Tex.Comm'n App.1939, opinion adopted); *Cloer v. Ford & Calhoun GMC Truck Co.,* 553 S.W.2d 183, 184 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r. e.). When an appeal is taken without a statement of facts, all presumptions of regularity are in favor of the judgment. *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79, 82 (1955); *Men's Wearhouse v. Helms,* 682 S.W.2d 429, 430 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied* 474 U.S. 804, 106 S.Ct. 38, 88 L.Ed.2d 31 (1985). Without a statement of facts, we are also unable to determine whether the

appellant is in fact raising for the first time on appeal the contention that he now argues to this court, which would normally preserve nothing to review. *Guzman v. Solis,* 748 S.W.2d 108, 111 (Tex.App.—San Antonio 1988, writ denied). Further, the only record before this court is the transcript which shows that only the appellee presented proper prima facie proof as required by Rule 87 in a form of an affidavit. Where the appellant has failed to present prima facia proof of the venue facts upon which it relies, error has not been properly preserved for appellate review. *Cox Engineering v. Funston Mach. & Supply,* 749 S.W.2d 508, 512 (Tex.App.—Fort Worth [1st Dist.] 1988, no writ). We hold that the appellee sufficiently denied venue before the trial court and the appellant has failed in her burden of showing the trial court erred in granting the change of venue.

■ Appellant also weakly seeks relief through the application of section 15.064(b) of the Civil Practice and Remedies Code, which provides:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986).[1]

We have held that the appellant has failed in her burden to show error. However, even if error had been shown, without a statement of facts, this court could not conduct the evaluation called for under the provisions of sec. 15.064(b). Further, appellant concedes in her brief and argument that venue was proper in either of the two counties. This concession directly contradicts a finding that the "venue was improper" under sec. 15.064(b). The point is denied.

The judgment is affirmed.

---

**1.** Hereinafter § 15.064(b).