NUMBER 13-00-686-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 
 

INES GONZALEZ GARCIA, Appellant,


v.



RAMIRO GARZA AND J & R VALLEY 

OILFIELD SERVICES, INC., Appellee.

 

On appeal from the 206th District Court

of Hidalgo County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez


Appellant Ines Gonzalez Garcia, plaintiff below, appeals a jury verdict awarding her $120,000 for personal injuries
resulting from an automobile accident. She brings two issues on appeal: (1) venue error or venue fraud requires reversing
the trial court's final judgment and returning venue from Hidalgo County to Starr County; and (2) the jury's award of zero
damages for physical impairment and disfigurement is against the great weight and preponderance of evidence presented at
trial and is clearly wrong and unjust.

We conclude that venue was improper in Hidalgo County, and we reverse and remand.

Factual Background



The underlying lawsuit arises from a four-vehicle automobile collision caused by Ramiro Garza, an employee of J&R
Valley Oilfield Services, Inc. ("J&R"). Garza, operating a 1995 Ford F350 pickup, struck a Suburban, which hit a vehicle
driven by Maria Perez, which in turn collided with appellant's vehicle. Appellant sued Garza and J&R for personal injuries
sustained in the accident. 

She initiated suit in Starr County, Texas, alleging in her petition that "[j]urisdiction and venue are proper in this Court,
pursuant to [the] Texas Civil Practice and Remedies Code, because Defendant Garza resides in Starr County." J&R and
Garza answered and moved to transfer venue by filing a document entitled "Defendant, J&R Valley Oilfield Service's
Motion to Transfer Venue and Original Answer Subject Thereto." This document provides, in part:

This cause of action against this Defendant arises out of an accident which occurred on or about May 8, 1997, on FM492 in
Palmview, Hidalgo County, Texas. Defendant would show that pursuant to Texas Civil Practice and Remedies Code §
15.002, the venue of this case should be transferred to Hidalgo County because the accident occurred in Hidalgo County,
and because Defendant's residence is in Hidalgo County.



* * *


Defendant J&R VALLEY OILFIELD SERVICE objects to venue in Starr County, Texas, the county in which this action
was instituted on the grounds that said county is not a proper county and no basis exists mandating or permitting venue in
said county. Defendant would show that Plaintiffs' cause of action, if any, did not arise in Starr County, Texas, and no
mandatory or permissive exception authorizes the maintenance of the action in Starr County, Texas. Specifically, this
Defendant is not a resident of Starr County, Texas, and does not have their principal office, nor any agency or
representative, in such county, nor did they have an agency or representative in Starr County when all or a part of the cause
of action arose.



* * *

To the extent venue facts may be found in Plaintiffs' Original Petition, this Defendant would specifically deny those facts
contained in Paragraph II of Plaintiffs' Original Petition, to the extent that they would attempt to show venue is proper in
Starr County and would show that those facts conclusively establish that venue is proper in Hidalgo County, Texas and is
not proper in Starr County, Texas.



* * *


Venue is maintainable in Hidalgo County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002 because all
of the events giving rise to the claim occurred in Hidalgo County, Texas, Hidalgo County, Texas is the county of Defendant
J&R VALLEY OILFIELD SERVICE's residence and Defendant J&R VALLEY OILFIELD SERVICE have an agent or
representative in Hidalgo County, Texas. Alternatively, your Defendant would show that venue should be transferred to
Hidalgo County for the convenience of the parties.



* * *


Defendant RAMIRO GARZA hereby joins the Motion to Transfer Venue of Defendant J&R VALLEY OILFIELD SERVICE.

Attached to the motion was an affidavit from Jose Manual Flores, the owner of J&R, which reiterated the foregoing venue
facts regarding the company and also stated that Garza lived in a house that Flores owned in Hidalgo County on the date of
the accident and at the time that suit was filed. Flores also produced two paychecks for Garza showing a home address in
Hidalgo County. 

Appellant responded to the motion to transfer by arguing that Garza's true residence was in Starr County. Appellant
provided evidence that Garza owned a home in Rio Grande City, Garza's wife and children lived there, and Garza paid
taxes on that residence. Garza and his wife had been separated for several years prior to the accident, but had not filed for
divorce. When the accident occurred, Garza provided the investigating officer his address in Rio Grande City.
Approximately three months later, Garza again provided the Rio Grande City address during arraignment on an unrelated
matter. However, according to testimony from Garza, he was actually living in a home owned by his employer, and had
been living there for approximately three years at the time of the accident.

The trial court granted the motion to transfer without specifying the basis for its ruling. Following transfer of the case,
counsel for appellant found during pretrial discovery a recorded audiotape statement and transcription thereof, taken shortly
following the accident, in which Garza also alleged that he was a resident of Starr County. Although the transcribed
version of Garza's statement referenced his residence as "city," Garza's taped testimony specifically identified his residence
as "Rio Grande City." Alleging venue fraud, appellant moved to return venue to Starr County. The trial court refused to
return venue to Starr County or to grant sanctions against appellees. 

Following a jury trial in Hidalgo County, appellant was awarded $10,000 for past physical pain and mental anguish,
$60,000 for future physical pain and mental anguish, and $50,000 for past medical care. The jury awarded appellant no
damages for past or future physical impairment or disfigurement. 

Venue



Appellees sought to transfer the case from Starr County to Hidalgo County under the general venue rule providing that
lawsuits shall be brought in the county where all or a substantial part of the events or omissions giving rise to the claim
occurred. SeeTex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (Vernon Supp. 2002). Appellees also requested a transfer to
Hidalgo County for the convenience of the parties. See id. at § 15.002(b) (Vernon Supp. 2002). 

We first address appellees' argument that the trial court's order transferring the case is not subject to review because it was a
transfer for the convenience of the parties under section 15.002(b) of the Texas Civil Practice and Remedies Code. Seeid.
This section of the code provides that:

For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county
of proper venue . . . to any other county of proper venue on motion of a defendant filed and served concurrently with or
before the filing of the answer, where the court finds:
 


 maintenance of the action in the county of suit would work an injustice to the movant considering the movant's
economic and personal hardship;


 


 the balance of interests of all the parties predominates in favor of the action being brought in the other county; and


 


 the transfer of the action would not work an injustice to any other party.



Id. A decision to transfer for the convenience of the parties is not grounds for appeal or mandamus and is not reversible
error. Id. at §15.002(c) (Vernon Supp. 2002). 

The trial court's order granting the motion to transfer venue does not specify whether it is a transfer under the general venue
provisions of subsection (a) or a transfer for convenience under subsection (b). The appellees' motion to transfer contains
no evidence pertaining to appellee's request for a transfer for convenience. The hearing on the motion to transfer contains
no argument regarding a transfer for convenience or evidence pertaining to appellees' economic and personal hardship, the
balance of interests of all the parties, or the possibility of injustice to any other party resulting from transfer. The trial court
did not make findings of fact or conclusions of law, and appellees failed to request findings or conclusions. 

Appellees nevertheless argue that the venue order should be construed as a convenience order not subject to review. In
making this argument, appellees contend that we should apply the standard of review applicable where the trial court grants
a motion for summary judgment without specifying the grounds for its ruling. In such a case, the summary judgment will
be upheld if any of the theories advanced by the movant are meritorious. See, e.g., State Farm Fire & Cas. Co. v. S.S. &
G.W., 858 S.W.2d 374, 380 (Tex. 1993). According to appellees, a convenience transfer is per se meritorious because the
trial court's decision is not reversible. Appellees further argue that, in the absence of findings of fact and conclusions of
law, we "must presume" that the trial court made all necessary findings to support its order.

Appellees' argument lacks merit. As an initial matter, contrary to appellees' assertion, we cannot simply imply findings in
favor of a convenience transfer. When findings of fact and conclusions of law are neither requested nor filed, the judgment
of the trial court implies all findings necessary to support it, provided (1) the proposition is one raised by the pleadings and
supported by the evidence, and (2) the trial court's decision can be sustained on any reasonable theory consistent with the
evidence and the applicable law, after considering only the evidence that favors the decision. See Tex. R. Civ. P. 299;
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Vickery v. Comm'n for Lawyer Discipline, 5 S.W.3d 241, 242-43
(Tex. App.-Houston [14 th Dist.] 1999, pet. denied). To look for evidence regarding the factors underlying a convenience
transfer in the instant situation would be to allow appellate review where the legislature has expressly prohibited it. See
Tex. Rev. Civ. Prac. & Rem. Code Ann. §15.002(c) (Vernon Supp. 2002). 

Moreover, appellees' argument fails for more fundamental reasons. Under the legislative scheme, a court's decision to grant
or deny a convenience transfer is not grounds for appeal or mandamus and is not reversible error. Tex. Civ. Prac. & Rem.
Code Ann. §15.002(c) (Vernon Supp. 2002). If we were to accept appellee's argument, all venue orders would be immune
from review where the defendant requested a transfer based on convenience, whether or not the motion to transfer included
other substantive reasons for transferring the case, and whether or not the trial court's ruling addressed the propriety of
transfer under other venue provisions. Applying the rule as urged by appellees would effectively insulate all decisions on
venue from review where a convenience transfer was requested. Appellate review, and the threat of reversal, is an
important safeguard against venue fraud. See Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d 259, 261 n. 3 (Tex.
1994)(quoting Maranatha Temple, Inc. v. Enter. Prod. Co., 833 S.W.2d 736, 741 (Tex. App.-Houston [1st Dist.] 1992, writ
denied)). In short, the convenience transfer would become the venue exception that swallows the general venue rule. The
potential for abuse would be extraordinary and irremediable. 

In the venue scheme established by the legislature, the convenience transfer is unique in that it is the only venue
determination that is not subject to review. Traditionally, exceptions to the general venue provisions have been strictly
construed, see, e.g., Gen. Motors Acceptance Corp. v. Howard, 487 S.W.2d 708, 710 (Tex. 1972), as have mandatory
venue provisions, see, e.g., Maranatha Temple Inc., 833 S.W.2d at 739. We conclude that we must similarly apply a bright
line test to determine which venue orders qualify as convenience orders under section 15.002(b). We cannot look to the
arguments and evidence of the parties because we would be reviewing that which is prohibited by legislative dictate. We
therefore conclude that, in order to fall within the parameters of subsection (c), that is, in order to be exempt from appellate
review, a venue order must expressly state that the cause is or is not transferred for the convenience of the parties under
section 15.002(b), or the record must contain express findings of fact in accordance with section 15.002(b). 

In the instant case, the order transferring this case to Hidalgo County fails to state that it is a transfer for convenience and
the record fails to include findings underlying a convenience transfer. We conclude that this transfer order was not issued
under authority of section 15.002(b), and is thus appealable. We will proceed to address the substance of appellant's
complaint regarding venue. 

In her first issue, appellant argues that the trial court erroneously transferred venue from Starr County to Hidalgo County
because (1) appellee Garza waived the right to request a transfer of venue, (2) appellant presented prima facie proof that
venue was proper in Starr County and appellees failed to rebut the prima facie proof, and (3) appellees committed venue
fraud.

On appeal from a trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible
error. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon 1986). In determining whether venue was or was not
proper, the appellate court shall consider the entire record, including the trial on the merits. Id. 

According to appellant, Garza waived the right to request a transfer of venue because Garza himself never denied appellee's
alleged venue facts regarding his residence and because J&R Oilfield's "general, nondescript" denial of the venue facts fails
to meet the requirements of a specific denial required under the rules.

All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. Tex. R. Civ.
P. 87(3)(a) (emphasis added). In the instant case, although Garza did not file a separate document specifically denying
appellant's allegations regarding his residence, Garza expressly joined in J&R's motion to transfer. Thus, the question
becomes whether J&R's denial of appellant's venue facts suffices under rule 87 of the Texas Rules of Civil Procedure.
Under Maranatha Temple, Inc., a general denial of venue facts is insufficient:

We do not accept a statement such as "Defendant specifically denies those venue facts pleaded in Plaintiff's Original
Petition that purport to establish venue in Harris County, Texas" to be a "specific denial." A "specific denial" calls for
more than just the use of the words "We specifically deny." We hold that a "specific denial" of a venue fact requires that
the fact itself be denied. In other words, when a plaintiff pleads that "Defendant X is a foreign corporation with a registered
agent in Harris County," Defendant X, to "specifically deny" that venue fact, must make a point of denying that it is a
foreign corporation with a registered agent in Harris County.

Id. at 740; see Peysen v. Dawson, 974 S.W.2d 377, 379 (Tex. App.-San Antonio 1998, no pet.) (noting that Maranatha was
cited "with apparent approval" by the Texas Supreme Court in Wilson, 886 S.W.2d at 260); Bleeker v. Villarreal, 941
S.W.2d 163, 175 (Tex. App.-Corpus Christi 1996, writ dism'd by ag.) (op. on reh'g), rev'd in part on other grounds, Trinity
Universal Ins. Co. v. Bleeker, 966 S.W.2d 489 (Tex. 1998);Gonzalez v. Nielson, 770 S.W.2d 99, 102 (Tex. App.-Corpus
Christi 1989, writ denied). 

The motion to transfer venue contained a prohibited and ineffective general denial, and also contains a specific denial that
J&R "is not a resident of Starr County, Texas, and does not have their principal office, nor any agency or representative, in
such county, nor did they have an agency or representative in Starr County when all or a part of the cause of action arose."
However, neither J&R nor Garza made a specific denial that Garza was a resident of Starr County. Under venue law, an
employee of J&R, such as Garza, does not constitute an "agency or representative" of J&R such that J&R's affirmation of
its own residency could be construed to include Garza. See Ruiz v. Conoco, Inc, 868 S.W.2d 752, 759 (Tex. 1993)
("ordinary employee" is neither an agency nor a representative for venue purposes). 

Citing two older cases from the San Antonio court of appeals, Kimmell v. Leoffler, 791 S.W.2d 648, 653 (Tex. App.-San
Antonio 1990, writ denied), and Flores v. Arrieta, 790 S.W.2d 75, 76 (Tex. App.-San Antonio 1990, writ denied),
appellees argue that "not all courts agree" with the Maranatha court's "strict interpretation" regarding the requisites of a
specific denial. 

We find the cases cited by appellees distinguishable from the instant case. In Kimmell, the court found defendant's denial
sufficient because the plaintiff failed to properly plead venue facts in his petition. Kimmell, 791 S.W.2d 653 (plaintiff
attempted to file suit in county of his own residence in contravention of venue statute). In Flores, although the court noted
that the defendant "sufficiently denied venue," the court ultimately held that the plaintiff failed in her burden to show venue
error because she failed to present a statement of facts. Flores, 790 S.W.2d 76. Moreover, even if these cases were not
distinguishable, the Texas Supreme Court disapproved the venue analysis in these cases in Ruiz, 868 S.W.2d at 757
(considering appropriate standard of review for venue decisions). We further note that the San Antonio court has
subsequently applied Maranatha in Peysen, 974 S.W.2d at 379.

Even before the Houston Court of Appeals articulated the requisites of a specific denial in Maranatha, this Court followed
Texas Rule of Civil Procedure 87(3)(a) by requiring that defendants specifically deny venue facts. See Gonzalez, 770
S.W.2d at 99 (all allegations are accepted as true except particular facts specifically denied in motion to transfer). We
subsequently followed Maranatha in Bleeker, 941 S.W.2d at 175, and will continue to do so today. We decline appellees'
invitation to relax the requirements for a specific denial. 

Appellees also argue that a specific denial need not appear in the motion to transfer itself, but may appear in proof attached
to the motion. The cases cited by appellees allow specific denials to be made in supplemental motions to transfer, but do
not address the propriety of specific denials contained in proof, and appellees have otherwise failed to provide any cases
substantiating this proposition. See Rodriguez v. Printone Color Corp., 982 S.W.2d 69, 71-72 (Tex. App.-Houston [1st
Dist.] 1998, pet. denied) (considering a specific denial found in a supplemental motion to transfer);Cox Eng'g Inc. v.
Funston Mach. & Supply Co., 749 S.W.2d 508, 511 (Tex. App.-Fort Worth 1988, no writ) (considering a specific denial
found both in original motion to transfer venue and reply to plaintiff's response). 

We need not reach this argument, however, because although the affidavit testimony attached to appellees' motion to
transfer affirmatively states that Garza's residence is in Hidalgo County, the testimony does not contain a denial of
appellant's allegation that Garza is a resident of Starr County. A person may have more than one residence for venue
purposes. GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541, 542-43 (Tex. 1998); Snyder v. Pitts, 150 Tex. 407, 241
S.W.2d 136, 140 (1951);Rosales v. H.E. Butt Grocery Co., 905 S.W.2d 745, 748 (Tex. App.-San Antonio 1995, writ
denied). 

Properly pleaded venue facts are taken as true unless specifically denied. Tex. R. Civ. P. 87(3)(a); GeoChem Tech Corp.,
962 S.W.2d at 542-43; Sanes v. Clark, 25 S.W.3d 800, 803 (Tex. App.-Waco 2000, pet. denied). Because appellees failed
to specifically deny the allegation that Garza resided in Starr County, rule of civil procedure 87(3)(a) mandates that it be
taken as true. See Sanes, 25 S.W.3d at 803;Bleeker, 941 S.W.2d at 175; Maranatha Temple, Inc., 833 S.W.2d at 740. Thus,
the trial court erred by granting the motion to transfer venue to Hidalgo County.

Moreover, we would reach the same conclusion even if we were to construe the motion to transfer venue as specifically
denying the venue facts alleged by appellant. A plaintiff's choice of venue stands unless challenged by proper motion to
transfer venue. See In Re Mo. Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999); Tex. R. Civ. P. 86(1). Once challenged,
the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit. In Re Mo. Pac.
R.R. Co., 998 S.W.2d at 216; Tex. R. Civ. P. 87(2)(a), (3)(a). The plaintiff's prima facie proof is not subject to rebuttal,
cross-examination, impeachment, or disproof. See Ruiz, 868 S.W.2d at 757. 

In the instant case, appellant presented evidence that Garza owned a home in Rio Grande City, Garza's wife and children
lived there, and Garza paid taxes on that residence. Garza and his wife were separated but not divorced. During the
investigation of the accident made the basis of this suit, Garza identified his Rio Grande City address as his residence.
Approximately three months later, Garza again identified the Rio Grande City address as his residence during arraignment
on an unrelated matter. We determine that appellant provided prima facie proof establishing that Garza had a residence in
Starr County. See Rosales, 905 S.W.2d at 750. Although appellees presented some evidence that Garza resided in Hidalgo
County, a person may have more than one residence for purposes of venue. Geochem Tech Corp., 962 S.W.2d at 541.
Moreover, to the extent that appellees' evidence consisted of testimony provided by an individual other than Garza, we
question the probative value of such evidence given the particular nature of the issue sought to be proved. See Mills v.
Bartlett, 377 S.W.2d 636, 637 (Tex. 1964) (meaning of "residence" depends on circumstances surrounding the person
involved, including elements of volition, intention, and action). More fundamentally, however, appellant's prima facie
proof regarding Garza's residence was not subject to rebuttal, cross-examination, impeachment or disproof. See Ruiz, 868
S.W.2d at 757. 

Our independent review of the entire record does not reveal any conclusive proof to destroy the prima facie proof presented
by appellant. See Rosales, 905 S.W.2d at 750 (reversing trial court's transfer of venue where the parties presented
conflicting evidence as to defendant's residence). In fact, additional evidence consisting of Garza's recorded audiotape
statement adduced following transfer of the case provided further evidence that Garza resided in Starr County. Because
appellant filed suit in a county of proper venue, it was reversible error to transfer venue, even if the county of transfer
would also have been proper if it had been originally chosen by appellant. Wilson, 886 S.W.2d at 261-62. 

Although appellees acknowledge the foregoing language from Wilson, they urge us to apply "the Ruiz standard of review,"
which they allege is applicable where the defense contests the propriety of venue in the county where suit was filed. See
Rodriguez, 982 S.W.2d at 70-71 (construing Ruiz as applying a different standard of review than that articulated by the
Texas Supreme Court in Wilson, and applying the Ruiz standard where the defendant argues that venue is proper in another
county and challenges the sufficiency of the proof to support the plaintiff's choice of venue). In Ruiz, the supreme court
considered an order denying a motion to transfer and instructed appellate courts to uphold the trial court's determination "if
there is any probative evidence in the entire record, including trial on the merits, that venue was proper in the county were
judgment was rendered." Ruiz, 868 S.W.2d at 758. However, subsequently in Wilson, the Texas Supreme Court
considered an order granting a motion to transfer and instructed appellate courts to review the entire record, including the
trial on the merits, to determine whether there is any probative evidence that venue was proper in the county of suit. Wilson,
886 S.W.2d at 262. The Wilson court stated that "this review strikes a balance between the competing interests of the
plaintiff and the defendant," and "preserves the plaintiff's right to select and maintain suit in a county of proper venue." Id.

The Rodriguez opinion focuses on the different language utilized in Ruiz and Wilson to suggest that there are two different
standards of review for venue determinations. However, this difference in language is immaterial because Ruiz concerns
the review of a denied motion to transfer venue, and Wilson concerns the review of an improper transfer. Notwithstanding
the different language utilized by the cases, the Texas Supreme Court applies only one standard of review for venue
determinations. See, e.g., Ford Motor Co. v. Miles, 967 S.W.2d 377, 380 (Tex. 1998) (in considering whether trial court
erred in denying motion to transfer, the court reviewed the entire record, including the trial on the merits, to determine
whether there was any probative evidence that venue was proper in the county of suit).

In accordance with Wilson, we do not seek any probative evidence that venue was proper in Hidalgo County, as appellees
suggest. Rather, we review the entire record, including the trial on the merits, to determine whether there is any probative
evidence that venue was proper in Starr County, the county of suit. See Wilson, 886 S.W.2d at 262. To the extent that
Rodriguez suggests otherwise, we believe that it is mistaken, and we will not follow it.

The judgment of the trial court is reversed and the cause remanded, and the trial court is ordered to transfer the cause to
Starr County for a new trial. Given our disposition of appellant's first issue, we need not address appellant's remaining
issue on appeal. See Tex. R. App. P. 47.1.

_____________________

ROGELIO VALDEZ

Chief Justice



Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of February, 2002.