

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

JUN 18 2015

CHRISTOPHER A. PRINE
CLERK

*OR*

Court of Appeals No. 14-13-00861-CV

Trial Court No. 1030735



IN THE

FOURTEENTH COURT OF APPEALS

HOUSTON, TEXAS

DAVID GOAD
**Appellant,**

VS.

HANCOCK BANK f/k/a Peoples First Community Bank

**Appelle.**

FIRST AMENDED

APPELLANT'S MOTION FOR REHEARING

and

EN BANC CONSIDERATION

# INDEX OF AUTHORITIES

## CASES

*Creussag Aktiengesellschaft v. Coleman*, 16 SW3d 110.125

(TexApp-Houston [1st Dist] 2000, pet requested).........................................4


*GeoChem Tech*, 962 S.W.2d at 543; *Constr. v. Stephens & son Concrete*

*Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex.App.--Texarkana 2005)...........4


*Bench Co.*, 133 S.W.3d at 908; *Beard*, 924 S.W.2d. at 765; *Gonzalez v.*

*Nielson*, 770 S.W.2d 99, 101 (Tex.App.--Corpus Christi 1989)....................5

## STATUES AND CODES

TRCP 87.............................................................................................4

TRCP 87(3)(a)....................................................................................5

TRCP 120a (2)..............................................................................2, 3,6

TRCP 120a (3)....................................................................................2

Texas Business and Commerce Code.........................................................5

Texas Business and Commerce Code §71.201...............................................5

Tex Bus Org. Code §§9.001...................................................................5

Tex Bus Org. Code §§9.004...................................................................5

DECLARATION OF DAVD GOAD...........................................attached rear

EXHIBITS "A" & "B".............................................................attached last

Court of Appeals No. 14-13-00861-CV

Trial Court No. 1030735

IN THE

FOURTEENTH COURT OF APPEALS

HOUSTON, TEXAS

DAVID GOAD
Appellant,

VS.
HANCOCK BANK f/k/a Peoples First Community Bank

Appelle.

FIRST AMENDED

APPELLANT'S MOTION FOR REHEARING
and
EN BANC CONSIDERATION

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellant, David Goad, files this First Amended Appellant's Motion for

Rehearing and En Banc Consideration, because David Goad captioned incorrectly with

defendant rather than appellant, and sited statutes with outdated reference numbers

(Goad's reference books are older), and no index was in place, and additional editing was

needed. Please forgive the writing; medical issues, a stroke, and lack of education are to

blame.

1

## A. Introduction

1. Appellant is David Goad (Goad); appellee is Hancock Bank.

2. Goad requests an En Banc consideration in these matters. This motion is in addition (supplemental) to Goad's First Amended Brief of Appellant.

3. Before Goad completed his responses[1] to the original complaint, he visited the trial courts website to obtain a phone number for setting dates (Special Appearance & Venue). The courts website also supported hearings by telephone, a must for Goad given his health (see 15(c) Special Appearance). Unable to obtain a setting date by telephone, Goad added to his last paragraph (REQUEST) in his Special Appearance: "*For these reasons, defendant asks the court to set his motion for a Special Appearance hearing and subsequently dismiss this case with prejudice. Secondly, in the event the Court does not dismiss this case to set a hearing to change venue and after that hearing, grant defendant's motion and transfer this case to Comal County. Defendant also moves to reserve further attack on plaintiff's pleadings until after the Courts decision now before it.*" Later, Goad was informed he would not be allowed appearance by telephone, no matter Goad's medical issues and/or no driving privileges (three-hour drive to court).

4. Goad's Special Appearance and Motion to Change Venue were served on June 3, 2013. On or about[2] July 5, 2013, Goad was provided dates for both hearings (Special Appearance & Venue). It took Goad **THIRTY TWO+** days to obtain two setting dates. During this time, the plaintiff filed a Motion for Summary Judgment (MSJ). Upon review of TRCP 120a (2) "Any motion to challenge the jurisdiction provided for herein <u>shall be heard and determined before</u> a motion to transfer venue or any other plea or pleading may be heard," & 120a (3) "shall be served seven days before hearing." With

---

[1] Special Appearance, Motion to Dismiss, Motion to Change Venue, and General Denial.

[2] The file that contains all phone conversation notes has been misplaced. It is believed to have been moved accidentally to another location, a location that Goad cannot visit by the due date of this motion. Goad is referring to his pleadings for reference purposes.

2

this, Goad did not find it necessary to respond, at that time, to the MSJ. Furthermore, had the court denied the Special Appearance, a door would open for other relief, including, but not limited to interlocutory review.

5. On or about July 5, 2013, clerk, Sarah Gray, provided Goad a July 19, 2013 submission hearing date for the Special Appearance. On July 8, 2013, the court received by mail the setting notice and formally set the date in the courts record (verified again by phone with the court clerk on June 8, 2015) for said hearing.

6. Goad secured the hearing date and the issue was before the court. However, Judge Storey refused to rule as if Goad's motions did not exist. In addition, Goad was denied the only means, in which he could have appeared (by telephone). Therefore, Goad was denied an opportunity to appear and force the ruling issue upon the record. Each time Goad called, he was told, "it was on the judges desk" (see brief).

7. Judge Storey was bound by TRCP 120a (2), she could not rule upon any other issue until the Special Appearance was "heard and determined."

8. Did Judge Storey's failure to follow TRCP 120a (2) make the remaining issues moot?

9. "Goad's Argument fails" because the cited clause is not a "forum selection clause", it is a "choice of law clause." Goad does now understand the difference; however, the affects are very similar. Furthermore, Goad states in paragraph 16 (second #16 paragraph (error) in the Special Appearance) "The Defendant in his agreement with Peoples First Community Bank of Florida is bound by Florida law." The Plaintiff began the suit without recognizing the clause and the court followed. The failure of the plaintiff and

3

court to apply Florida law should void the courts decision. Goad's objection based on "forum selection" should have alerted the court, not to mention Goad pleads, "*The Defendant in his agreement with Peoples First Community Bank of Florida is bound by Florida law.*" Did Judge Storey read the agreement or any of Goad's pleadings before reaching her decision? It does not appear so. A 'choice-of-law' clause does not constitute consent to personal jurisdiction in the designated state. **[*Creussag Aktiengesellschaft v. Coleman*, 16 SW3d 110.125 (TexApp-Houston [1st Dist] 2000, pet requested).]**

10. Plaintiff's failure to respond to Goad's venue challenge is understood. Attorney, Craig Denum, would have committed more fraud upon the court by providing prima facie proof of controverted venue facts, a must TRCP 87, *GeoChem Tech*, **962 S.W.2d at 543;** *Constr. v. Stephens & son Concrete Contractors, Inc.,* **165 S.W.3d 874, 879 (Tex.App.--Texarkana 2005).**

11. Mr. Denum in his complaint states Hancock Bank, "*with its principal place of business located in Houston, Harris County, Texas.*" See **Exhibit "A"** (all exhibits attached and incorporated herein by reference). The fact Hancock Bank has not filed with the secretary of state, the Texas banking commission, or the Federal agency for National Banks, see **Exhibit "B"**, nor have they registered with the Texas Secretary of State or paid any franchise fees[3], removes Hancock Bank's capacity to bring this suit.

12. With Hancock Bank's "principal place of business in Houston," Texas, it MUST procure a certificate of authority from the Secretary of State in light of the facts that it is not "a Bank" chartered in Texas, nor a "National Bank" anywhere in the United States of America. A national search finds Hancock Bank in Mississippi. Hancock Bank, a

---

[3] Goad has previously provided a certificate of proof from the Texas Secretary of State.

National Bank is a fraud. See Tex. Bus. Org. Code §§9.001, 9.004, Business and Commerce Code, and Business and Commerce Code Section 71.201

13. Furthermore, plaintiff, Hancock Bank, did not object to the Venue hearing date, although under 45 days. To preserve an objection to lack of sufficient notice (which was never made, because plaintiff knew a hearing would not take place), the party must file a written objection and a motion for continuance. **Bench Co., 133 S.W.3d at 908; Beard, 924 S.W.2d. at 765; Gonzalez v. Nielson, 770 S.W.2d 99, 101 (Tex.App.--Corpus Christi 1989).** The court must take as true any pleaded venue facts that are specifically denied by the other party. TRCP 87(3)(a).

14. Here, Goad was locked out of the court. All his pleadings were disregarded, When one cannot appear in court personally, due to a disability or by telephone he has been locked out and denied due process. Goad did not want a hearing by submission; he was forced, because no other avenue was provided.

15. The plaintiff had 46 days notice of the Special Appearance, and 53 days on Venue. The notice of submission on Special Appearance was timely. The Venue not so, but no objection was made.

16. The MSJ hearing should not have been conducted by the court until the court addressed the Special Appearance & Venue hearings. Goad wants to know what influenced the court not to provide a setting when requested by Goad in writing on June 3, 2013 in his Special Appearance motion. Goad would like to know what influenced the court not to return his phone calls. Goad would like to know what influenced the court to ignore everything he submitted. Goad would like to know what influenced the court to

5

refuse a docketing statement. Goad would like to know what influenced the trial court not to read the plaintiff's complaint (face of complaint was and is defective). Goad would like to know what influenced this court to not provide an order to obtain that docketing statement with the numbering sequence (see Request Delay in Review of Briefs and Time to File an Amended or Supplemental Brief and Motion for order Compelling Trial Court Action)? Yet, an order for Goad to pay $55.00 was quickly issued when a postcard would have sufficed!

17. Hancock Bank F/K/A Peoples First Community Bank is another fraud upon the court. Peoples First Community Bank was closed by the FDIC, not purchased or otherwise acquired by Hancock. This is why Goad insisted on proof of ownership. Goad had been down this road before when a bank he had a Visa card with was taken over by the FDIC. During the banking crisis, it was advised in the news not to pay anyone until proof of ownership was documented. Hancock steadfastly denied Goad's request for proof of ownership (see Special Apprearence).

18. Judge Storey was bound by TRCP 120a (2), she could not rule upon any other issue until the Special Appearance was **"heard and determined."**

19. Again, this **DEFENDANT'S MOTION FOR REHEARING and EN BANC CONSIDERATION** is supplemental and is intended to be incorporated together with the FIRST AMENDED BRIEF OF APPELLANT.

20. We have plaintiff's complaint, which is severely defective on its face. We have Hancock Bank in Houston, with no signs of operation by any Texas state agency. We have a National Bank that does not exist; a National Bank fabricated to distract our

6

attention away from all state filing requirements and gaining improper venue. We have a trial court that has not acknowledged the defendant, there own settings, and several motions. We have a Special Appearance properly before the court prior to a Motion for Summary Judgment, yet ignored. We have a Venue hearing with no objections also ignored by the court. This is not mere error; it is fraud upon the court.

Respectfully submitted,

David Goad, Defendant *Pro Se*
1154 Rivertree Drive
New Braunfels, Texas 78130
512-554-5461

**Certificate of Service**

I certify that a true copy of this **DEFENDANT'S MOTION FOR REHEARING and EN BANC CONSIDERATION** was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party on June 11, 2015 as follows:

Craig R. Denum
11757 Katy Freeway, Ste 1010
Houston, Texas 77079-1732
U.S. Mail

David Goad

7

# DECLARATION

I, David Goad, if requested to do so, could and would competently testify under oath, based upon my personal knowledge, to the matters stated herein:

The information I have provided in the attached FIRST AMENDED APPELLANT'S MOTION FOR REHEARING and EN BANC CONSIDERATION is true and correct.

I freely swear under the penalty of perjury under the Laws of the United States of America that my above statements are true and correct to the best of my knowledge.

June 11, 2015

David Goad

COPY

1030735    C.C.C.L. # 3

NO. _____

| | | |
|---|---|---|
| HANCOCK BANK F/K/A PEOPLES | § | IN THE COUNTY COURT |
| FIRST COMMUNITY BANK | § | |
| | § | |
| VS. | § | AT LAW NUMBER ___ |
| | § | |
| | § | |
| DAVID GOAD | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

Comes now HANCOCK BANK F/K/A PEOPLES FIRST COMMUNITY BANK, hereinafter referred to as Plaintiff, complaining of DAVID GOAD, hereinafter referred to as Defendant, and as grounds therefore shows as follows:

I.

The discovery of this case is intended to be conducted under Level 1 pursuant to Rule 190.1 of the Texas Rules of Civil Procedure.

II.

The Plaintiff, HANCOCK BANK f/k/a PEOPLES FIRST COMMUNITY BANK is a National Bank with its principal place of business located in Houston, Harris County, Texas.

DAVID GOAD, Defendant, may be served with process by serving him at 1154 Rivertree Drive, New Braunfels, Comal County, Texas 78130.

III.

Venue is proper in Harris County, Texas because it is the county where the Defendant resides.

IV.

Attached hereto as Exhibit "A" is a copy of a Promissory Note (hereinafter referred to as "Note") dated July 17, 2006, executed by the Defendant, DAVID GOAD, and delivered to the Plaintiff. The Plaintiff is the owner and holder of the Note and is

*Exhibit "A"*

**Subject:** RE: Hancock Bank
**From:** "Na, YooJin" <YooJin.Na@occ.treas.gov>
**Date:** 6/10/2015 12:08 PM
**To:** "'1983remedies@gmail.com'" <1983remedies@gmail.com>

Yes.  Hancock Bank, is not found listed in the records of the Office of the Comptroller of the Currency as a national bank.

-----Original Message-----
From: 1983remedies@gmail.com [mailto:1983remedies@gmail.com]
Sent: Wednesday, June 10, 2015 1:05 PM
To: Na, YooJin
Subject: Re: Hancock Bank

Confirming, Hancock Bank, a National Bank, is not found listed in the records of the Office of the Comptroller of the Currency at the United States Department of the Treasury?

n 6/10/2015 11:54 AM, Na, YooJin wrote:
Hello,

I have checked our systems and records and cannot confirm that Hancock Bank is a national bank.

Thank you,
Yoo Jin Na
Senior Licensing Analyst



-----Original Message-----
From: 1983remedies@gmail.com [mailto:1983remedies@gmail.com]
Sent: Wednesday, June 10, 2015 11:55 AM
To: Na, YooJin
Subject: Hancock Bank

Hi Yoojin,
Attached please find the caption pages for a litigation.

Thank You
DC

*SAME AS Exhibit "A"*

*Exhibit "B"*