**Ines Gonzalez GARCIA, Appellant,**

**v.**

**Ramiro GARZA and J & R Valley Oilfield Services, Inc., Appellee.**

**No. 13–00–686–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 2002.

Joe Richard Flores, Law Office of Joe Richard Flores, P.C., Lance Geppert, Edinburg, Richard V. Secord, Jr., Virgil W. Yanta, Yanta, Flores & Korth, San Antonio, TX, for Appellant.

Michael J. Murray, Crofts, Callaway & Jefferson, San Antonio, Roberto H. Mendoza, Brownsville, Ron Mendoza, Davis, Cedillo & Mendoza, Inc., Sharon E. Callaway, Crofts, Callaway & Jefferson, San Antonio, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant Ines Gonzalez Garcia, plaintiff below, appeals a jury verdict awarding her $120,000 for personal injuries resulting from an automobile accident. She brings two issues on appeal: (1) venue error or venue fraud requires reversing the trial court's final judgment and returning venue from Hidalgo County to Starr County; and (2) the jury's award of zero damages for physical impairment and disfigurement is against the great weight and preponder-

ance of evidence presented at trial and is clearly wrong and unjust.

We conclude that venue was improper in Hidalgo County, and we reverse and remand.

### Factual Background

The underlying lawsuit arises from a four-vehicle automobile collision caused by Ramiro Garza, an employee of J & R Valley Oilfield Services, Inc. ("J & R"). Garza, operating a 1995 Ford F350 pickup, struck a Suburban, which hit a vehicle driven by Maria Perez, which in turn collided with appellant's vehicle. Appellant sued Garza and J & R for personal injuries sustained in the accident.

She initiated suit in Starr County, Texas, alleging in her petition that "[j]urisdiction and venue are proper in this Court, pursuant to [the] Texas Civil Practice and Remedies Code, because Defendant Garza resides in Starr County." J & R and Garza answered and moved to transfer venue by filing a document entitled "Defendant, J & R Valley Oilfield Service's Motion to Transfer Venue and Original Answer Subject Thereto." This document provides, in part:

> This cause of action against this Defendant arises out of an accident which occurred on or about May 8, 1997, on FM492 in Palmview, Hidalgo County, Texas. Defendant would show that pursuant to Texas Civil Practice and Remedies Code § 15.002, the venue of this case should be transferred to Hidalgo County because the accident occurred in Hidalgo County, and because Defendant's residence is in Hidalgo County.

\* \* \*

> Defendant J & R VALLEY OILFIELD SERVICE objects to venue in Starr County, Texas, the county in which this action was instituted on the grounds that said county is not a proper county and no basis exists mandating or permitting venue in said county. Defendant would show that Plaintiffs' cause of action, if any, did not arise in Starr County, Texas, and no mandatory or permissive exception authorizes the maintenance of the action in Starr County, Texas. Specifically, this Defendant is not a resident of Starr County, Texas, and does not have their principal office, nor any agency or representative, in such county, nor did they have an agency or representative in Starr County when all or a part of the cause of action arose.

\* \* \*

> To the extent venue facts may be found in Plaintiffs' Original Petition, this Defendant would specifically deny those facts contained in Paragraph II of Plaintiffs' Original Petition, to the extent that they would attempt to show venue is proper in Starr County and would show that those facts conclusively establish that venue is proper in Hidalgo County, Texas and is not proper in Starr County, Texas.

\* \* \*

> Venue is maintainable in Hidalgo County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002 because all of the events giving rise to the claim occurred in Hidalgo County, Texas, Hidalgo County, Texas is the county of Defendant J & R VALLEY OILFIELD SERVICE's residence and Defendant J & R VALLEY OILFIELD SERVICE have an agent or representative in Hidalgo County, Texas. Alternatively, your Defendant would show that venue should be transferred to Hidalgo County for the convenience of the parties.

* * *

Defendant RAMIRO GARZA hereby joins the Motion to Transfer Venue of Defendant J & R VALLEY OILFIELD SERVICE.

Attached to the motion was an affidavit from Jose Manual Flores, the owner of J & R, which reiterated the foregoing venue facts regarding the company and also stated that Garza lived in a house that Flores owned in Hidalgo County on the date of the accident and at the time that suit was filed. Flores also produced two paychecks for Garza showing a home address in Hidalgo County.

Appellant responded to the motion to transfer by arguing that Garza's true residence was in Starr County. Appellant provided evidence that Garza owned a home in Rio Grande City, Garza's wife and children lived there, and Garza paid taxes on that residence. Garza and his wife had been separated for several years prior to the accident, but had not filed for divorce. When the accident occurred, Garza provided the investigating officer his address in Rio Grande City. Approximately three months later, Garza again provided the Rio Grande City address during arraignment on an unrelated matter. However, according to testimony from Garza, he was actually living in a home owned by his employer, and had been living there for approximately three years at the time of the accident.

The trial court granted the motion to transfer without specifying the basis for its ruling. Following transfer of the case, counsel for appellant found during pretrial discovery a recorded audiotape statement and transcription thereof, taken shortly following the accident, in which Garza also alleged that he was a resident of Starr County. Although the transcribed version of Garza's statement referenced his residence as "city," Garza's taped testimony specifically identified his residence as "Rio Grande City." Alleging venue fraud, appellant moved to return venue to Starr County. The trial court refused to return venue to Starr County or to grant sanctions against appellees.

Following a jury trial in Hidalgo County, appellant was awarded $10,000 for past physical pain and mental anguish, $60,000 for future physical pain and mental anguish, and $50,000 for past medical care. The jury awarded appellant no damages for past or future physical impairment or disfigurement.

*Venue*

Appellees sought to transfer the case from Starr County to Hidalgo County under the general venue rule providing that lawsuits shall be brought in the county where all or a substantial part of the events or omissions giving rise to the claim occurred. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a) (Vernon Supp.2002). Appellees also requested a transfer to Hidalgo County for the convenience of the parties. *See id.* at § 15.002(b) (Vernon Supp. 2002).

We first address appellees' argument that the trial court's order transferring the case is not subject to review because it was a transfer for the convenience of the parties under section 15.002(b) of the Texas Civil Practice and Remedies Code. *See id.* This section of the code provides that:

For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue ... to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer, where the court finds:

(1) maintenance of the action in the county of suit would work an injus-

tice to the movant considering the movant's economic and personal hardship;

(2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

(3) the transfer of the action would not work an injustice to any other party.

*Id.* A decision to transfer for the convenience of the parties is not grounds for appeal or mandamus and is not reversible error. *Id.* at § 15.002(c) (Vernon Supp. 2002).

The trial court's order granting the motion to transfer venue does not specify whether it is a transfer under the general venue provisions of subsection (a) or a transfer for convenience under subsection (b). The appellees' motion to transfer contains no evidence pertaining to appellee's request for a transfer for convenience. The hearing on the motion to transfer contains no argument regarding a transfer for convenience or evidence pertaining to appellees' economic and personal hardship, the balance of interests of all the parties, or the possibility of injustice to any other party resulting from transfer. The trial court did not make findings of fact or conclusions of law, and appellees failed to request findings or conclusions.

Appellees nevertheless argue that the venue order should be construed as a convenience order not subject to review. In making this argument, appellees contend that we should apply the standard of review applicable where the trial court grants a motion for summary judgment without specifying the grounds for its ruling. In such a case, the summary judgment will be upheld if any of the theories advanced by the movant are meritorious. *See, e.g., State Farm Fire & Cas. Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993). According to appellees, a convenience trans-

fer is *per se* meritorious because the trial court's decision is not reversible. Appellees further argue that, in the absence of findings of fact and conclusions of law, we "must presume" that the trial court made all necessary findings to support its order.

■ Appellees' argument lacks merit. As an initial matter, contrary to appellees' assertion, we cannot simply imply findings in favor of a convenience transfer. When findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all findings necessary to support it, provided (1) the proposition is one raised by the pleadings and supported by the evidence, and (2) the trial court's decision can be sustained on any reasonable theory consistent with the evidence and the applicable law, after considering only the evidence that favors the decision. *See* TEX.R. CIV. P. 299; *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 242–43 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). To look for evidence regarding the factors underlying a convenience transfer in the instant situation would be to allow appellate review where the legislature has expressly prohibited it. *See* TEX.REV.CIV. PRAC. & REM.CODE ANN. § 15.002(c) (Vernon Supp.2002).

Moreover, appellees' argument fails for more fundamental reasons. Under the legislative scheme, a court's decision to grant or deny a convenience transfer is not grounds for appeal or mandamus and is not reversible error. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(c) (Vernon Supp.2002). If we were to accept appellee's argument, all venue orders would be immune from review where the defendant requested a transfer based on convenience, whether or not the motion to transfer included other substantive reasons for transferring the case, and whether or not the trial court's ruling addressed the propriety of transfer

under other venue provisions. Applying the rule as urged by appellees would effectively insulate all decisions on venue from review where a convenience transfer was requested. Appellate review, and the threat of reversal, is an important safeguard against venue fraud. *See Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 261 n. 3 (Tex.1994) (quoting *Maranatha Temple, Inc. v. Enter. Prod. Co.,* 833 S.W.2d 736, 741 (Tex.App.-Houston [1st Dist.] 1992, writ denied)). In short, the convenience transfer would become the venue exception that swallows the general venue rule. The potential for abuse would be extraordinary and irremediable.

■■■ In the venue scheme established by the legislature, the convenience transfer is unique in that it is the only venue determination that is not subject to review. Traditionally, exceptions to the general venue provisions have been strictly construed, *see, e.g., Gen. Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708, 710 (Tex.1972), as have mandatory venue provisions, *see, e.g., Maranatha Temple Inc.,* 833 S.W.2d at 739. We conclude that we must similarly apply a bright line test to determine which venue orders qualify as convenience orders under section 15.002(b). We cannot look to the arguments and evidence of the parties because we would be reviewing that which is prohibited by legislative dictate. We therefore conclude that, in order to fall within the parameters of subsection (c), that is, in order to be exempt from appellate review, a venue order must expressly state that the cause is or is not transferred for the convenience of the parties under section 15.002(b), or the record must contain express findings of fact in accordance with section 15.002(b).

■■■ In the instant case, the order transferring this case to Hidalgo County fails to state that it is a transfer for conve-

nience and the record fails to include findings underlying a convenience transfer. We conclude that this transfer order was not issued under authority of section 15.002(b), and is thus appealable. We will proceed to address the substance of appellant's complaint regarding venue.

In her first issue, appellant argues that the trial court erroneously transferred venue from Starr County to Hidalgo County because (1) appellee Garza waived the right to request a transfer of venue, (2) appellant presented prima facie proof that venue was proper in Starr County and appellees failed to rebut the prima facie proof, and (3) appellees committed venue fraud.

On appeal from a trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986). In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits. *Id.*

■■■ According to appellant, Garza waived the right to request a transfer of venue because Garza himself never denied appellee's alleged venue facts regarding his residence and because J & R Oilfield's "general, nondescript" denial of the venue facts fails to meet the requirements of a specific denial required under the rules.

■■■ All venue facts, when properly pleaded, shall be taken as true unless *specifically denied* by the adverse party. TEX.R. CIV. P. 87(3)(a) (emphasis added). In the instant case, although Garza did not file a separate document specifically denying appellant's allegations regarding his residence, Garza expressly joined in J & R's motion to transfer. Thus, the question becomes whether J & R's denial of appellant's venue facts suffices under rule 87 of

the Texas Rules of Civil Procedure. Under *Maranatha Temple, Inc.*, a general denial of venue facts is insufficient:

> We do not accept a statement such as "Defendant specifically denies those venue facts pleaded in Plaintiff's Original Petition that purport to establish venue in Harris County, Texas" to be a "specific denial." A "specific denial" calls for more than just the use of the words "We specifically deny." We hold that a "specific denial" of a venue fact requires that the fact *itself* be denied. In other words, when a plaintiff pleads that "Defendant X is a foreign corporation with a registered agent in Harris County," Defendant X, to "specifically deny" that venue fact, must make a point of denying that it is a foreign corporation with a registered agent in Harris County.

*Id.* at 740; *see Peysen v. Dawson*, 974 S.W.2d 377, 379 (Tex.App.-San Antonio 1998, no pet.) (noting that *Maranatha* was cited "with apparent approval" by the Texas Supreme Court in *Wilson*, 886 S.W.2d at 260); *Bleeker v. Villarreal*, 941 S.W.2d 163, 175 (Tex.App.-Corpus Christi 1996, writ dism'd by ag.) (op. on reh'g), *rev'd in part on other grounds, Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489 (Tex. 1998); *Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex.App.-Corpus Christi 1989, writ denied).

The motion to transfer venue contained a prohibited and ineffective general denial, and also contains a specific denial that J & R "is not a resident of Starr County, Texas, and does not have their principal office, nor any agency or representative, in such county, nor did they have an agency or representative in Starr County when all or a part of the cause of action arose." However, neither J & R nor Garza made a specific denial that Garza was a resident of Starr County. Under venue law, an employee of J & R, such as Garza, does not constitute an "agency or representative" of J & R such that J & R's affirmation of its own residency could be construed to include Garza. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 759 (Tex.1993) ("ordinary employee" is neither an agency nor a representative for venue purposes).

Citing two older cases from the San Antonio court of appeals, *Kimmell v. Leoffler*, 791 S.W.2d 648, 653 (Tex.App.-San Antonio 1990, writ denied), and *Flores v. Arrieta*, 790 S.W.2d 75, 76 (Tex.App.-San Antonio 1990, writ denied), appellees argue that "not all courts agree" with the *Maranatha* court's "strict interpretation" regarding the requisites of a specific denial.

We find the cases cited by appellees distinguishable from the instant case. In *Kimmell*, the court found defendant's denial sufficient because the plaintiff failed to properly plead venue facts in his petition. *Kimmell*, 791 S.W.2d at 653 (plaintiff attempted to file suit in county of his own residence in contravention of venue statute). In *Flores*, although the court noted that the defendant "sufficiently denied venue," the court ultimately held that the plaintiff failed in her burden to show venue error because she failed to present a statement of facts. *Flores*, 790 S.W.2d at 76. Moreover, even if these cases were not distinguishable, the Texas Supreme Court disapproved the venue analysis in these cases in *Ruiz*, 868 S.W.2d at 757 (considering appropriate standard of review for venue decisions). We further note that the San Antonio court has subsequently applied *Maranatha* in *Peysen*, 974 S.W.2d at 379.

Even before the Houston Court of Appeals articulated the requisites of a specific denial in *Maranatha*, this Court followed Texas Rule of Civil Procedure 87(3)(a) by requiring that defendants specifically deny venue facts. *See Gonzalez*, 770 S.W.2d at 99 (all allegations are accepted as true except particular facts specifically denied

in motion to transfer). We subsequently followed *Maranatha* in *Bleeker*, 941 S.W.2d at 175, and will continue to do so today. We decline appellees' invitation to relax the requirements for a specific denial.

Appellees also argue that a specific denial need not appear in the motion to transfer itself, but may appear in proof attached to the motion. The cases cited by appellees allow specific denials to be made in supplemental motions to transfer, but do not address the propriety of specific denials contained in proof, and appellees have otherwise failed to provide any cases substantiating this proposition. *See Rodriguez v. Printone Color Corp.*, 982 S.W.2d 69, 71–72 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (considering a specific denial found in a supplemental motion to transfer); *Cox Eng'g Inc. v. Funston Mach. & Supply Co.*, 749 S.W.2d 508, 511 (Tex.App.-Fort Worth 1988, no writ) (considering a specific denial found both in original motion to transfer venue and reply to plaintiff's response).

■ We need not reach this argument, however, because although the affidavit testimony attached to appellees' motion to transfer affirmatively states that Garza's residence is in Hidalgo County, the testimony does not contain a denial of appellant's allegation that Garza is a resident of Starr County. A person may have more than one residence for venue purposes. *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 542–43 (Tex.1998); *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 140 (1951); *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex.App.-San Antonio 1995, writ denied).

■ Properly pleaded venue facts are taken as true unless specifically denied. Tex.R. Civ. P. 87(3)(a); *GeoChem Tech Corp.*, 962 S.W.2d at 542–43; *Sanes v. Clark*, 25 S.W.3d 800, 803 (Tex.App.-Waco

2000, pet. denied). Because appellees failed to specifically deny the allegation that Garza resided in Starr County, rule of civil procedure 87(3)(a) mandates that it be taken as true. *See Sanes*, 25 S.W.3d at 803; *Bleeker*, 941 S.W.2d at 175; *Maranatha Temple, Inc.*, 833 S.W.2d at 740. Thus, the trial court erred by granting the motion to transfer venue to Hidalgo County.

■ Moreover, we would reach the same conclusion even if we were to construe the motion to transfer venue as specifically denying the venue facts alleged by appellant. A plaintiff's choice of venue stands unless challenged by proper motion to transfer venue. *See In Re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999); Tex.R. Civ. P. 86(1). Once challenged, the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit. *In Re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216; Tex.R. Civ. P. 87(2)(a), (3)(a). The plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *See Ruiz*, 868 S.W.2d at 757.

In the instant case, appellant presented evidence that Garza owned a home in Rio Grande City, Garza's wife and children lived there, and Garza paid taxes on that residence. Garza and his wife were separated but not divorced. During the investigation of the accident made the basis of this suit, Garza identified his Rio Grande City address as his residence. Approximately three months later, Garza again identified the Rio Grande City address as his residence during arraignment on an unrelated matter. We determine that appellant provided prima facie proof establishing that Garza had a residence in Starr County. *See Rosales*, 905 S.W.2d at 750. Although appellees presented some evidence that Garza resided in Hidalgo County, a person may have more than one

residence for purposes of venue. *GeoChem Tech Corp.*, 962 S.W.2d at 541. Moreover, to the extent that appellees' evidence consisted of testimony provided by an individual other than Garza, we question the probative value of such evidence given the particular nature of the issue sought to be proved. *See Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex.1964) (meaning of "residence" depends on circumstances surrounding the person involved, including elements of volition, intention, and action). More fundamentally, however, appellant's prima facie proof regarding Garza's residence was not subject to rebuttal, cross-examination, impeachment or disproof. *See Ruiz*, 868 S.W.2d at 757.

Our independent review of the entire record does not reveal any conclusive proof to destroy the prima facie proof presented by appellant. *See Rosales*, 905 S.W.2d at 750 (reversing trial court's transfer of venue where the parties presented conflicting evidence as to defendant's residence). In fact, additional evidence consisting of Garza's recorded audiotape statement adduced following transfer of the case provided further evidence that Garza resided in Starr County. Because appellant filed suit in a county of proper venue, it was reversible error to transfer venue, even if the county of transfer would also have been proper if it had been originally chosen by appellant. *Wilson*, 886 S.W.2d at 261–62.

Although appellees acknowledge the foregoing language from *Wilson*, they urge us to apply "the *Ruiz* standard of review," which they allege is applicable where the defense contests the propriety of venue in the county where suit was filed. *See Rodriguez*, 982 S.W.2d at 70–71 (construing *Ruiz* as applying a different standard of review than that articulated by the Texas Supreme Court in *Wilson*, and applying the *Ruiz* standard where the defendant

argues that venue is proper in another county and challenges the sufficiency of the proof to support the plaintiff's choice of venue). In *Ruiz*, the supreme court considered an order denying a motion to transfer and instructed appellate courts to uphold the trial court's determination "if there is any probative evidence in the entire record, including trial on the merits, that venue was proper in the county were judgment was rendered." *Ruiz*, 868 S.W.2d at 758. However, subsequently in *Wilson*, the Texas Supreme Court considered an order granting a motion to transfer and instructed appellate courts to review the entire record, including the trial on the merits, to determine whether there is any probative evidence that venue was proper in the county of suit. *Wilson*, 886 S.W.2d at 262. The *Wilson* court stated that "this review strikes a balance between the competing interests of the plaintiff and the defendant," and "preserves the plaintiff's right to select and maintain suit in a county of proper venue." *Id.*

■ The *Rodriguez* opinion focuses on the different language utilized in *Ruiz* and *Wilson* to suggest that there are two different standards of review for venue determinations. However, this difference in language is immaterial because *Ruiz* concerns the review of a denied motion to transfer venue, and *Wilson* concerns the review of an improper transfer. Notwithstanding the different language utilized by the cases, the Texas Supreme Court applies only one standard of review for venue determinations. *See, e.g., Ford Motor Co. v. Miles*, 967 S.W.2d 377, 380 (Tex.1998) (in considering whether trial court erred in denying motion to transfer, the court reviewed the entire record, including the trial on the merits, to determine whether there was any probative evidence that venue was proper in the county of suit).

In accordance with *Wilson,* we do not seek any probative evidence that venue was proper in Hidalgo County, as appellees suggest. Rather, we review the entire record, including the trial on the merits, to determine whether there is any probative evidence that venue was proper in Starr County, the county of suit. *See Wilson,* 886 S.W.2d at 262. To the extent that *Rodriguez* suggests otherwise, we believe that it is mistaken, and we will not follow it.

The judgment of the trial court is reversed and the cause remanded, and the trial court is ordered to transfer the cause to Starr County for a new trial. Given our disposition of appellant's first issue, we need not address appellant's remaining issue on appeal. *See* Tex.R.App. P. 47.1.