IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 02-0300
════════════
 
Ramiro Garza and J&R 
Valley Oilfield Services, Inc., Petitioners,
 
v.
 
Ines Gonzalez Garcia, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Thirteenth District 
of Texas
════════════════════════════════════════════════════
 
 
Argued January 22, 
2003
 
 
 
Chief Justice Phillips, joined by Justice Wainwright as to Parts I and II, dissenting.
 
The Court holds today that when a motion to transfer venue on 
several grounds includes a phrase in a sentence alleging that such transfer will 
be for the convenience of the parties, and the trial court grants the motion 
without any indication that it considered or even knew a transfer on convenience 
grounds was alleged, the transfer is immune from review by any appellate 
court.  Although this result can be supported by a literal reading of the venue 
statute, I believe it exalts form over substance to undermine the 
essential purpose of the Legislature=s 
venue scheme.  Therefore, I 
respectfully dissent.
I 
Defendant 
J&R Valley Oilfield Services, Inc., joined by defendant Ramiro Garza, filed 
a motion to transfer venue in this personal injury suit from Starr to Hidalgo 
County.  The motion objected to 
Avenue 
in Starr County . . . on the grounds that said county 
is not a proper county and no basis exists mandating or permitting venue in 
[Starr County],@ 
because J&R is Anot 
a resident of Starr County@ 
and Adoes 
not have [its] principal office@ 
or any agent in Starr County.  
J&R then asserted that A[v]enue is maintainable in Hidalgo County . . . because all of 
the events giving rise to the claim occurred in Hidalgo County, Texas, [and] 
Hidalgo County is the county of [J&R=s] 
residence . . . .@  At the end of the motion, J&R added 
this single sentence:  AAlternatively . . . venue should be transferred to Hidalgo 
County for the convenience of the parties.@ 

In reply to 
J&R=s 
motion to transfer venue, plaintiff Ines Gonzalez 
Garcia alleged several reasons why Garza was a resident of Starr County, where 
Garcia brought suit.  First, he pointed to the report prepared 
by the state trooper following the accident that was the basis of this suit, 
which listed Garza=s 
address as Rio Grande City.  Second, 
Garza owned a home in Rio Grande City, where his wife and children resided, on 
which Garza paid taxes for the year the accident occurred.  Finally, Garza gave the Rio Grande City 
address to a magistrate when he appeared in court on an unrelated Driving While 
Intoxicated charge.  In support of 
these claims, Garcia attached Garza=s 
deposition and a court document from Garza=s 
DWI arraignment.  
The trial 
court conducted two hearings at which both parties presented live 
testimony.  Neither party, however, introduced any argument on, or even 
referenced the term Aconvenience 
of the parties.@  The trial court granted J&R=s 
motion, stating in its order: A[A]fter considering the motion, the pleadings, the affidavits, 
the responses as well as arguments of counsel and after a hearing, the Court 
grants Defendant=s 
Motion to Transfer Venue.@  The order gave no reasons for granting 
the transfer, and in particular never mentioned the term Aconvenience 
of the parties.@
This case 
was then tried in Hidalgo County.  The jury returned a verdict in favor of 
Garcia, awarding her $120,000 for past and future physical pain and mental 
anguish and for past medical care, but nothing for past and future physical 
impairment or disfigurement.  The 
trial court rendered judgment on the verdict.  Despite the generally favorable 
judgment, Garcia appealed, arguing that the trial court erred in transferring 
the case from Starr County to Hidalgo County. 
The court of 
appeals reversed, holding that the evidence supported venue in Starr County, 
where Garcia brought suit.  70 S.W.3d 
362.  J&R and Garza argued that 
the court could not reverse the transfer because section 15.002(c) prohibits 
appellate review of transfers for convenience.  See Tex. Civ. Prac. & Rem. Code ' 
15.002(c).  The court of appeals 
refused to presume that the transfer was based on the 
convenience of the parties, noting that such a presumption would insulate most 
venue determinations from review.  
70 S.W.3d at 367-68.  Because venue exceptions and mandatory 
venue provisions have always been strictly construed, 
and because all venue determinations except for the transfer for convenience are 
subject to review, the court of appeals held:
 
[I]n 
order to fall within the parameters of subsection (c), that is, in order to be 
exempt from appellate review, a venue order must expressly state that the cause 
is or is not transferred for the convenience of the parties under section 
15.002(b), or the record must contain express findings of fact in accordance 
with section 15.002(b).
 
Id. at 368.  
The court then reviewed the transfer under the general venue provision 
and held that the trial court erred in granting the transfer.  It therefore remanded the case for the 
trial court in Hidalgo County to transfer the case to Starr County for a new 
trial.  Id. at 372.  
II
The 
principal venue statute in Texas is section 15.002 of the Texas Civil Practice 
and Remedies Code.  Section 
15.002(a) includes four subsections for determining in what county a suit is properly brought.  
Tex. Civ. Prac. & Rem. Code 
' 
15.002(a).  There is no immediate 
appeal from an adverse ruling, but if on appeal venue is determined to have been 
improper, Ait 
shall in no event be harmless error and shall be 
reversible error.@  Id. ' 
15.064(b).  Thus, the price of an 
improper venue ruling is always a new trial. 
The 
Legislature, however, gives the trial court discretion to decide whether to 
transfer a case to another county for the convenience of the parties and in the 
interest of justice.  Id. 
' 
15.002(b).  This discretion is 
broad, but not unfettered, because it can only be 
exercised when three conditions are met.  
As Section 15.002(b) states:
 
For the 
convenience of the parties and witnesses and in the interest of justice, a court 
may transfer an action from a county of proper venue under this subchapter or 
Subchapter C to any other county of proper venue on motion of a defendant filed 
and served concurrently with or before the filing of the answer, where the court 
finds:
(1) 
maintenance of the action in the county of suit would 
work an injustice to the movant considering the movant=s 
economic and personal hardship;
(2) 
the balance of interests of all the parties 
predominates in favor of the action being brought in the other county; and 
(3) 
the transfer of the action would not work an injustice 
to any other party.
Id.
In 
contrast to the automatic reversal for an erroneous venue determination, 
however, a trial court=s 
transfer under section 15.002(b) will not be reversed 
if it is wrong.  In fact, it is not 
reviewable at all on appeal or by an extraordinary pleading.  Section 15.002(c) commands:  AA 
court=s 
ruling or decision to grant or deny a transfer under Subsection (b) is not 
grounds for appeal or mandamus and is not reversible error.@  Id. ' 
15.002(c). 
J&R 
and Garza contend that because their motion to transfer venue requested a 
transfer based on both sections 15.002(a) and 15.002(b), and the trial 
court=s 
order stated only that the motion was granted, the 
appellate court must presume it to be a transfer for convenience that is immune 
from review.  The court below 
considered and rejected this claim, but this Court swallows it without pause, 
pointing to our general practice in Texas that an order granting relief without 
specifying the grounds is presumed to have been based 
on all asserted grounds.  ___ S.W.3d at ___.  
The Court states that it does not Abelieve 
the potential for error or injustice here justifies making an exception to the 
general rule that trial judges and lawyers need not detail specific findings in 
every order.@  Id. at 
___.
Generally 
as a part of appellate review, we presume that a trial court=s 
order, which does not specify grounds, is correct if any meritorious ground was 
before the court.  See State Farm 
Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 
(Tex. 1993) (summary judgment).  While this is a useful construct for 
preventing piecemeal review and relitigation, it has 
the opposite effect in this case.  
Because section 15.002(c) precludes appellate review of convenience 
transfers, applying the general rule here does not facilitate appellate review, 
it abrogates it.  The reason for the 
presumption is stood on its head, which ought to make 
us question whether the Legislature meant for it to apply.  Instead, I believe the accepted rules of 
statutory construction suggest that the Legislature did not.  
Our 
first duty is to interpret a statute in a way that carries out the 
Legislature=s 
intent.  Tex. Gov=t Code ' 
312.005; State v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Am. Home Prods. Corp. v. Clark, 38 S.W.3d 92, 95 (Tex. 
2000).  When 
interpreting a statute we may consider the object sought to be attained, the 
circumstances under which the statute was enacted, the consequences of different 
constructions, and the statute=s 
legislative history.  Tex. Gov=t Code ' 311.023.  In requiring a judge 
to Afind@ 
each of the three statutory conditions before granting a convenience transfer, I 
believe the Legislature directed the trial court to communicate in some fashion 
that three findings had been made so that the parties would know that the law 
had been followed and a reviewing court would know that it had no power of 
review.
Venue 
has long been a significant issue in Texas law, which is perhaps not surprising 
in a diverse state with 254 counties and an elected judiciary.  The venue rules in Texas may be traced to our Spanish heritage.  Clarence Guittard & John Tyler, Revision of the Texas Venue 
Statute: A Reform Long Overdue, 32 Baylor L. Rev. 563, 564-66 
(1980).  The original Texas 
venue statute, which was enacted by the first Congress 
of the Republic in 1836, adopted the general Spanish rule that provided a 
defendant with the privilege of a trial in the county of domicile with certain 
exceptions.  Id. at 565.  
Since 1836, the Legislature has amended the venue scheme multiple 
times.  Prior to 1983, the general 
rule that a defendant shall be sued in the county of domicile had been modified 
by 34 statutory exceptions.  Dan R. 
Price, New Texas Venue Statute: Legislative History, 15 St. Mary=s L.J. 855, 857-58 (1984) (citing Tex. Rev. Civ. Stat. 
Ann. art. 1995 (Vernon 
1964 & Supp. 1982-1983)(amended 1983)).  However, growing displeasure with 
alleged forum-shopping and plea of privilege delay led 
to wholesale venue reform in 1983.  
See Act of May 28, 1983, 68th Leg., R.S., ch. 385, '' 
1-3, 1983 Tex. Gen. Laws 2119-24.  
The plea of privilege was replaced with 
post-judgment venue appeal, subject to the guarantee of automatic appellate 
reversal for error.  See 
id. at 2124.  This provision was 
meant to Aplac[e] parties at great risk if by fraud, negligence, 
oversight, or otherwise venue is improper in the ultimate county of suit.@ 
 Price, 
supra at 879.  
I find no other instance in the laws of Texas where the 
Legislature has designated a preliminary determination to be so significant that 
it cannot be harmless error.  Thus, 
the Legislature clearly considered proper venue to be of critical 
importance.
Beset 
by continuing allegations that parties were suing nominal defendants and 
bringing manufactured claims to obtain more favorable fora, the Legislature again undertook comprehensive 
venue reform in 1995.  Act of May 
18, 1995, 74th Leg., R.S., ch. 138, '' 
1-6, 1995 Tex. Gen. Laws 978-81 (codified at Tex. Civ. Prac. & Rem. Code '' 15.001-.66).  The Legislature expanded subsection 
15.002(a) to include the current four provisions for proper venue,[1] 
supplanting the venerable single standard, which provided that venue was proper 
A>in 
the county in which all or a part of the cause of action accrued or in the 
county of defendant=s 
residence if the defendant was a natural person.=@  A. Erin Dwyer, Donald Celleluori, & Thomas A. Graves, Annual Survey of 
Texas Law: Texas Civil Procedure, 49 SMU L. Rev. 1371, 1375-76 (1996) (quoting Tex. Civ. Prac. & Rem. Code Ann. 
' 
15.001 (Vernon 1986)).  These 
changes were intended Ato 
eliminate continuing debate about where a cause of action accrued@ 
and provide Aa 
general rule specifying venue for all suits brought 
against corporations.@  Id. at 
1376.   
At 
the same time, the venue scheme was also amended to 
include sections 15.002(b) and (c).  
Act of May 18, 1995, 74th Leg., R.S., ch. 138, 
' 
1, 1995 Tex. Gen. Laws 979.  
Proponents of the amendment described section 15.002(b) as Aa 
meaningful reform@ 
to promote Afairness 
and balance in our venue laws,@ 
giving the trial court the Aability 
to balance all of the competing interests that are involved in trying to find a 
fair place within the venue statute to try a lawsuit.@  An Act Relating to 
Venue for Civil Actions: Debate on Tex. S.B. 32 on the Floor of the House, 
74th Leg., R.S. 4 (May 3, 1995) (testimony of Rep. Duncan) (transcript available 
at the Texas State Law Library). 
I 
refuse to believe that, by adding this provision, the Legislature intended to 
undermine the careful scheme it had just created in subsection (a).  Was the Legislature really so cynical as 
to represent to litigants that a lawful venue position would be automatically 
vindicated on appeal, while in fact providing a Aback 
door@ 
method that would permit trial courts to insulate their venue transfers from any 
appellate review at all?  Or was the 
Legislature really so naive as to believe that no lawyer would simply slip the 
words Aconvenience 
of the parties@ 
into a transfer motion while presenting evidence and argument solely on the 
merits of its venue motion in hopes of luring the trial court into inadvertently 
making its ruling immune from appeal?  
I answer both questions Ano.@  As the court of appeals noted, appellate 
review, and the threat of reversal, are important safeguards against venue 
fraud.  70 S.W.3d at 368 (citing 
Wilson v. Tex. Parks & Wildlife Dep=t, 
886 S.W.2d 259, 261 n.3 (Tex. 1994); Maranatha Temple, Inc. v. Enter. Prod. Co., 
833 S.W.2d 736, 741 (Tex. App.CHouston 
[1st Dist.] 1992, writ denied)).  
While introducing some flexibility into the system, the Legislature still 
must have intended for the judge to make a convenience transfer only after a 
conscious determination, communicated to the parties, that in the court=s 
opinion all three of the transfer requirements had been met.  Otherwise the 
Legislature=s 
intention that venue determinations under section 15.002(a) be automatically 
reversible on appeal could always be frustrated by a devious judge, clever 
counsel, or, as likely happened here, simply by accident.  Therefore, I conclude that the 
Legislature required the trial judge to Afind@ 
all of these factors.
For 
the Court, the simplicity of the general rule trumps all. The Court is not at 
all curious about the problems its holding creates.  Instead the Court=s 
total analysis is: 
 
We 
acknowledge the court of appeals= 
concern that the usual presumption in favor of nonspecific orders will make many 
venue orders >immune 
from review.=  But in transfer 
orders based on convenience, that appears to have been precisely the 
Legislature=s 
intent.  And even under the court of appeals= 
bright-line test, trial judges who are so inclined may make any venue order 
immune from review simply by adding >granted 
on convenience grounds.=
 
___ S.W.3d at ___ (citation omitted).      
I 
agree with the court of appeals that the situation presented here is 
unique.  Additionally, I find no 
other statute providing that a determination by a trial judge may be based on 
more than one reason, one being automatic error if wrong, and the other 
requiring a finding by the trial judge but being totally 
immune from appellate review.  
Requiring a trial court to state in its order, or 
otherwise include findings in the record, to establish that a granted motion to 
transfer venue is based on the convenience of the parties when the defendant has 
also sought transfer under traditional venue rules is necessary to preserve the 
Legislature=s 
mandate that an erroneous section 15.002(a) ruling is automatically 
reversible.     

Because the trial court below was presented with multiple grounds 
for venue transfer, one of which was section 15.002(b), and the trial court did 
not explain in its order or otherwise that the venue transfer it made was for 
the convenience of the parties, nor did the trial court make section 15.002(b) 
findings, I would hold that the trial court=s 
order in this case is reviewable under section 15.002(a).  If the Court were to reach the merits of 
the venue transfer, I would agree with the court of appeals that Garcia 
presented prima facie proof that venue was proper in Starr County and that the 
trial court erred in transferring the case to Hidalgo County.
I 
would therefore affirm the judgment of the court of appeals.
 
 
____________________________________
Thomas 
R. Phillips
Chief 
Justice
 
Opinion 
delivered:      May 14, 2004
 
 




[1] 
Except as otherwise provided . . . all lawsuits shall be 
brought:
(1) 
in the county in which all or a substantial part of the events or omissions 
giving rise to the claim occurred;
(2) 
in the county of defendant=s 
residence at the time the cause of action accrued if defendant is a natural 
person;
(3) 
in the county of the defendant=s 
principal office in this state, if the defendant is not a natural person; 
or
(4) 
if Subdivisions (1), (2), and (3) do not apply, in the 
county in which the plaintiff resided at the time of the accrual of the cause of 
action.
Tex. 
Civ. Prac. & Rem. Code ' 
15.002(a).