IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
02-0300
════════════
 
Ramiro 
Garza and J&R Valley Oilfield 
Services, Inc., Petitioners,
 
v.
 
Ines 
Gonzalez Garcia, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
Argued January 
22, 2003
 
 
Justice Brister delivered the opinion 
of the Court, in which Justice Hecht, 
Justice Owen, Justice O=Neill, Justice Schneider and Justice Smith joined.
 
CHIEF JUSTICE PHILLIPS filed a 
dissenting opinion, in which JUSTICE 
WAINWRIGHT joined as to Parts I and II.
 
Justice Wainwright filed a dissenting 
opinion.
 
Justice Jefferson did not participate 
in the decision.
 
 
The 
Legislature amended the venue statutes in 1995 to allow a trial court to 
transfer venue A[f]or 
the convenience of the parties and witnesses and in the interest of 
justice.@[1]  At the same time, the Legislature 
mandated that a trial court=s 
order granting or denying such a transfer for convenience is Anot 
grounds for appeal or mandamus and is not reversible error.@[2]
In 
this case, a defendant filed a motion asserting both improper venue and 
inconvenience, which the trial court granted without specifying the 
grounds.  Generally, we must affirm 
such general orders if any ground in the accompanying motion is meritorious.[3]  Because the motion here asserted 
convenience as one ground, and the statute precludes reversal of any ruling made 
on convenience grounds, we hold the court of appeals erred in considering and 
reversing the trial court=s 
venue order.
I
As 
an initial matter, we must decide whether a motion for new trial extends 
appellate timetables if the requisite filing fee is never paid.  Garcia timely filed a motion for new 
trial,[4] 
but never paid the fee.[5]  She filed her notice of appeal 
eighty-four days after judgment C 
timely if her motion extended the deadlines, but too late if it did not.[6]  The defendants argue the fee-less motion 
was ineffective to extend appellate deadlines, making Garcia=s 
notice of appeal untimely, and depriving the court of appeals of jurisdiction 
over her appeal.[7]  We disagree.
A 
motion for new trial is Aconditionally 
filed@ 
if tendered without the requisite fee, and appellate deadlines run from and are 
extended by that date:   
 
[A] 
motion for new trial tendered without the necessary filing fee is nonetheless 
conditionally filed when it is presented to the clerk, and that date 
controls for purposes of the appellate timetable. . . .  [T]he failure to pay the fee before the 
motion is overruled by operation of law may forfeit altogether the movant's 
opportunity to have the trial court consider the motion; it does not, however, 
retroactively invalidate the conditional filing for purposes of the appellate 
timetable.[8]
 
Although 
we have previously reserved ruling on a fee that was never paid,[9] 
we now extend the same rule to this situation for the same reasons.  We construe the Rules of Appellate 
Procedure liberally, so that decisions turn on substance rather than procedural 
technicality;[10] 
nothing in those rules requires a fee to accompany a motion for new trial, or 
that such a fee be paid at all.  
Moreover, once a motion for new trial is conditionally filed and 
timetables extended, all litigants benefit from knowing what timetables apply 
even if they do not know whether the requisite fee was paid.  The alternative would breed uncertainty, 
as the deadlines might automatically jump forward when the fee is quietly paid 
or revert backwards if it is not. 
This 
is not to say filing fees are irrelevant.  
We have held that Aabsent 
emergency or other rare circumstances@ 
a motion for new trial should not be considered until the filing fee is paid.[11]  Here, Garcia=s 
factual sufficiency complaint had to be raised in a motion for new trial,[12] 
but because she never paid the $15 fee, the trial court was not required to 
review it.  As her complaint was 
never properly made to the trial court, it preserved nothing for review;[13] 
thus, the court of appeals correctly never addressed her factual sufficiency 
complaint, but correctly considered her venue complaint.
II
The 
record reflects that petitioner Ines Gonzalez Garcia (a resident of Hidalgo 
County) brought suit against J&R Valley Oilfield Services, Inc. (a business 
in Hidalgo County) and Ramiro Garza (a resident of either Hidalgo or Starr 
County) concerning an auto accident occurring in Hidalgo County.  Of sixteen potential lay and expert 
witnesses designated by the parties, fourteen were residents of Hidalgo County, 
and two of Mexico.  None resided in 
Starr County.  Nevertheless, suit 
was brought in Starr County, based on evidence that Garza lived there. 
J&R=s 
motion to transfer venue (which Garza joined) argued that Starr County was not a 
county of proper venue, and added A[a]lternatively, 
your Defendant would show that venue should be transferred to Hidalgo County for 
the convenience of the parties.@  The trial court=s 
order stated that Aafter 
considering the motion, the pleadings, the affidavits, the responses as well as 
arguments of counsel and after a hearing, the Court grants Defendants= 
Motion to Transfer Venue.@ 

At 
the trial in Hidalgo County, the jury awarded Garcia $120,000.  Unsatisfied, she appealed seeking 
automatic reversal and a new trial based on the venue transfer.[14] 

The 
court of appeals reversed, refusing to presume a venue order was granted on 
convenience grounds unless the order specifically said so.[15]  In addition to reversing the traditional 
presumption applicable to all other orders, this rule would sometimes do just 
what the Legislature prohibited.  
Because the transfer order here includes no reasons, we cannot be certain 
on which of the two grounds it was granted; one ground was convenience, and the 
evidence showed most of the witnesses and all of the events took place in 
Hidalgo County.  As the Starr County 
judge certainly might have intended to grant it on convenience grounds, we 
cannot ignore the Legislature=s 
ban on reviewing such orders by adopting a new presumption so we can review them 
anyway.
The 
court of appeals refused to imply a finding on convenience grounds because the 
statutory prohibition on appellate review precluded reviewing the record for 
evidence that might support such an implied finding.[16]  But the statute precludes review not 
just of the evidence, but of the order itself.  As a result, it is irrelevant whether a 
transfer for convenience is supported by any record evidence.  Hypothetically, a trial judge could 
state there was no evidence for a convenience transfer, but grant it 
nonetheless, and (except for perhaps reporting it to the Judicial Conduct 
Commission) there is very little we could do about it.
We 
acknowledge the court of appeals= 
concern that the usual presumption in favor of nonspecific orders will make many 
venue orders Aimmune 
from review.@[17]  But in transfer orders based on 
convenience, that appears to have been precisely the Legislature=s 
intent.  And even under the court of 
appeals= 
bright-line test, trial judges who are so inclined may make any venue order 
immune from review simply by adding Agranted 
on convenience grounds.@ 

Nor 
do we believe the potential for error or injustice here justifies making an 
exception to the general rule that trial judges and lawyers need not detail 
specific findings in every order.[18]  When a defendant files a motion based on 
both convenience and another venue ground, a trial judge may grant the motion on 
the former ground and we cannot review it.  
Or the judge may deny both, in which case we may review only the 
latter.  The court of appeals was 
concerned a trial judge might intend to deny a motion based on convenience while 
granting (erroneously) the motion on an alternative ground.  But most venue provisions are based on 
notions of convenience.  As the 
county where the parties reside or the events occurred will often be the most 
convenient, we decline to change our usual presumption rules to presume the 
opposite.
Our 
dissenting colleagues conclude the trial court could not possibly have granted 
this transfer on convenience grounds, but do so only after looking beyond the 
motion and order to the supporting evidence and the attorneys= 
arguments C 
exactly the kind of appellate review the statute precludes.  They would remand to Hidalgo County, 
where the case could be transferred again (using the magic words Afor 
convenience@ 
this time), tried again in Starr County, and appealed again.  This is exactly the kind of piecemeal 
review and relitigation our usual presumption is intended to avoid. 
Our 
dissenting colleagues argue our strict construction presumes the Legislature was 
either naive or cynical,[19] 
but they appear willing to presume most trial judges who sign a venue order 
without specifying the grounds are ignorant of what they are signing or playing 
keep-away with appellate courts.  
They assert we have Aswallowed@ 
the defendants= 
arguments based on the literal words of this statute;[20] 
but in a government of separate and limited powers, it is not our role to spit 
out those parts of a statute we find unpalatable.  Nor can we make an exception Ajust 
this once@ 
(as our colleagues suggest) because our venue rules are peculiar and of Acritical 
importance;@[21] 
undoubtedly, some might say the same about our rules for voir dire, the jury 
shuffle, or Athe 
Rule.@  If we begin adding our own requirements 
to statutes, it becomes only a matter of personal preference as to where we 
should stop.
Finally, 
we do not believe the movant=s 
convenience motion must be more specific than the one here, at least when it is 
part of a motion asserting other venue grounds and there is no special 
exception.  For example, under the 
general venue rule in section 15.002(a), the movant must plead venue facts (and 
support them with affidavits if necessary) that show no individual defendant 
resides in the forum county, no defendant business has its principal Texas 
office there, and a substantial part of the events did not occur there.[22]  While a movant has every reason to add 
more facts in an effort to prevail, if those reasons alone are enough to 
convince the trial judge that the case would be more conveniently tried 
elsewhere, it would be mere formalism to reverse because they were not stated 
under two different headings.
While 
appellate justices may chafe at restrictions on appellate review, the Texas 
Constitution generally allows the Legislature to expand or limit such review as 
it sees fit.[23]  Nor is the restriction here unreasonable 
under these circumstances.  Debates 
in the Legislature indicate the transfer for convenience statute was intended 
Ato 
make sure that venue is not a game any longer@ 
by giving trial judges some power to ensure cases were tried where they sensibly 
belonged, but without adding reversible error or additional delays.[24]  This case was tried four years ago, and 
has been on appeal ever since.  The 
Legislature might reasonably have concluded that discretionary transfers would 
make litigation more convenient only if they did not have to be re-fought on 
appeal.  Accordingly, we hold the 
court of appeals erred by reversing the venue order here. 
III
Because 
the court of appeals should have affirmed the trial court=s 
transfer order on convenience grounds, we reverse the court of appeals= 
judgment.  Because Garcia failed to 
preserve her remaining factual sufficiency point (by failing to ever pay the 
filing fee), we render judgment reinstating the trial court=s 
judgment. 
 
                                                                                                
            
___________________________________
                        
Scott Brister
                        
Justice
 
 
OPINION 
DELIVERED:  May 14, 2004         
     
 




[1] Act of May 18, 1995, 74th Leg., R.S., ch. 138, 
' 1, 1995 
Tex. Gen. Laws 978, 979 (currently 
codified at Tex. 
Civ. 
Prac. & 
Rem. Code ' 15.002(b)).

[2] Id. (currently codified at Tex. 
Civ. 
Prac. & Rem. Code 
' 15.002(c)).

[3] Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 
(Tex. 2001) (motion for summary judgment); K-Mart Corp. v. Honeycutt, 24 
S.W.3d 357, 360 (Tex. 2000) (motion to exclude expert); IKB Indus. (Nigeria) 
Ltd. v. Pro‑Line Corp., 938 S.W.2d 440, 445 (Tex. 1997) (findings of fact 
and conclusions of law); see also M.D. Anderson Cancer Ctr. v. Novak, 52 
S.W.3d 704, 706 (Tex. 2001) (plea to the jurisdiction).

[4] The trial court signed the judgment on August 
10, 2000.  Because the due date fell on a Saturday, 
her motion was due the following Monday.  
Tex. R. App. P. 4.1(a).

[5] Tex. 
Gov=t Code ' 51.317(b)(2) (requiring district clerk to collect $15 
filing fee for motion for new trial).

[6] Tex. R. App. P. 26.1(a)(1) (providing notice of appeal must be filed 
within thirty days of judgment, or ninety days if any party timely files a 
motion for new trial).

[7] See Verburgt v. Dorner, 959 S.W.2d 615, 617 
(Tex. 1997) ( A[O]nce the period for granting a motion for extension of 
time under Rule 41(a)(2) has passed, a party can no longer invoke the appellate 
court=s jurisdiction.@). 


[8] Tate v. E.I. DuPont de Nemours & Co., 934 
S.W.2d 83, 83-84 (Tex. 1996) (per curiam) (emphasis in original) (holding 
deadlines extended by fee paid after motion was overruled but before plenary 
jurisdiction expired, and quoting in part Jamar v. Patterson, 868 S.W.2d 
318, 319 (Tex. 1993) (per curiam) (holding deadlines extended by fee paid before 
motion overruled)).

[9] Tate, 934 S.W.2d at 84 
n.1.

[10] Motor Vehicle Bd. of 
Tex. Dep=t of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc., 1 S.W.3d 108, 111 (Tex. 1999) (per curiam).

[11] Jamar, 868 S.W.2d at 319 n.3.

[12] Tex. R. 
Civ. P. 324(b)(2); Tex. R. App. P. 33.1(a).

[13] 
Tex. R. App. P. 33.1(a), (b).
 

[14] Tex. 
Civ. 
Prac. & Rem. Code 
' 15.064(b).

[15] 70 S.W.3d 362, 367.

[16] Id.; see Tex. 
Civ. 
Prac. & Rem. Code 
' 15.064(a).

[17] 70 S.W.3d at 367-68.

[18] See Tex. R. 
Civ. P. 299.

[19] ___ S.W.3d ___.

[20] Id. at ___.

[21] Id. at ___.

[22] See 
Tex. 
Civ. 
Prac. & Rem. Code 
' 15.002(a); 
Tex. R. 
Civ. P. 86(3), 87(3)(a).

[23] Tex. Const. art. V, ' 3(a) (providing jurisdiction of Supreme Court 
Ashall extend to all cases except in criminal law matters 
and as otherwise provided in this Constitution or by law@); id. ' 6(a) (providing courts of appeals Ahave original or appellate jurisdiction, under such 
restrictions and regulations as may be prescribed by law@); see Collins v. Ison-Newsome, 73 S.W.3d 178, 
180 (Tex. 2001) ("Our jurisdictional analysis begins with the basic principle 
that we do not have jurisdiction in the absence of an express constitutional or 
legislative grant.") (citing Chenault v. Phillips, 914 S.W.2d 140, 141 
(Tex. 1996)).

[24] Debate on S.B. 32 on the Floor of the House, 74th Leg., 
R.S. 4 (May 3, 1995) (testimony of Rep. Duncan) (transcript available at the 
Texas State Law Library).